### ARGUED AND DETERMINED

##### IN THE

# SUPREME JUDICIAL COURT

##### OF

# MASSACHUSETTS.

---

WALTER L. HILL & others *vs.* JAMES S. MURPHY & others.

Suffolk. January 11, 12, 1912. — May 23, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Corporation*, Directors, Officers. *Equity Jurisdiction*, Bill by minority of stockholders of corporation, *Res judicata*. *Libel*. *Equity Pleading and Practice*, Parties. *Res Judicata*. *Judgment*.

If the directors of a corporation, acting wholly outside the legitimate business of the corporation and for their own personal ends, publish in the name of the corporation a false and malicious libel concerning a person, who brings an action for the libel against the corporation and recovers substantial damages, the corporation can recover from the directors in an action at law the amount paid by the corporation upon the judgment in such action and the expenses incurred in defending it; and, if those in control of the corporation refuse to enforce such liability, a minority of the stockholders can maintain a suit in equity against the directors and the corporation to compel the directors to pay the amount of such judgment and expenses into the treasury of the corporation.

In such a suit in equity, where the treasurer of the corporation is made a defendant, a demurrer by him should be sustained, if it appears on the allegations of the bill that he did not participate in the publication of the alleged libel and merely did his duty as treasurer in paying the execution on the judgment against the corporation. An allegation, that demand was made upon him to proceed "in accordance with the by-laws of said corporation" to collect from the directors the sums expended in paying the judgment and expenses, is insufficient to show liability on his part without setting forth by-laws that authorized the institution of such proceedings by the treasurer.

In a suit in equity by a minority of the stockholders of a corporation, against the directors and the corporation, to compel the directors to pay into the treasury of

the corporation the amount of a judgment paid by the corporation in an action at law against it for a false and malicious libel published by the directors in the name of the corporation, if it appears that when the judgment was obtained against the corporation an action also was brought against the defendant directors for the same libel in which judgment was entered for the defendants, such judgment is not a bar to the suit in equity, the issues and the parties in the two proceedings not being the same.

BILL IN EQUITY, filed in the Supreme Judicial Court on June 16, 1911, by certain stockholders of the Eastern Cold Storage Company, a corporation, against the directors of that corporation, the corporation and its treasurer, containing the allegations which are stated in the opinion.

All of the defendants demurred to the bill. They also filed an answer. The case came on to be heard before *Morton,* J., who reserved it upon the bill, the demurrers, the answer and an agreed statement of facts for determination by the full court.

*S. M. Child,* for the plaintiffs.

*W. A. Buie,* for the defendants.

DECOURCY, J. It must be assumed, for the purpose of the demurrer, that the following facts alleged in the bill are true. The defendants Murphy, Musgrave, Simonds, Jones and Mason, as directors of the Eastern Cold Storage Company and in its name, published a false and malicious libel of and concerning one Walter L. Hill in connection with his official acts as treasurer and director of the company. Hill brought an action against the corporation for the libel and recovered judgment for a substantial amount; and this sum, together with the expenses incurred in defending the action, was paid by the defendants out of the treasury of the corporation. It is further alleged that the publication of the libel was wholly outside the legitimate business of the Eastern Cold Storage Company, that it was maliciously circulated by the defendant directors to injure the plaintiff and to gratify their own personal ends, and that demand was made upon them to reimburse the corporation.

Clearly the bill sets out a cause of action in favor of the corporation against the defendant directors. When directors intentionally act *ultra vires* of the corporation, they are liable for the losses it sustains in consequence. *Richardson* v. *Clinton Wall Trunk Manuf. Co.* 181 Mass. 580. *Greenfield Savings Bank* v. *Abercrombie,* 211 Mass. 252, and cases cited. *Leeds Estate, Building & Invest-*

*ment Co.* v. *Shepherd,* 36 Ch. D. 787. *Williams* v. *McDonald,* 15 Stew. 392. And regardless of whether the publishing of the libel was within the powers of the corporation, the tortious act alleged to be wilfully done by the directors to gratify their own personal ends, was a breach of the duty they owed as *quasi* trustees and it has resulted in loss to the corporation. The liability of directors is not limited to cases where the loss to the corporation results from fraudulent misconduct on their part, or where they have received financial profit which in equity belongs to the company. *Von Arnim* v. *American Tube Works,* 188 Mass. 515. *Greenfield Savings Bank* v. *Simons,* 133 Mass. 415. And the familiar decisions of non-liability of directors acting honestly and within their powers for losses sustained by the corporation through their negligence, do not apply. *Lyman* v. *Bonney,* 118 Mass. 222. *Overend & Gurney Co.* v. *Gibb,* L. R. 5 H. L. 480. *Hun* v. *Cary,* 82 N. Y. 65. *Savings Bank of Louisville* v. *Caperton,* 87 Ky. 306. See *Phœnix Ins. Co.* v. *Frissell,* 142 Mass. 513.

This liability ordinarily would be enforced in an action at law by the corporation, but where those in control refuse to act, the minority stockholders may bring a bill in equity in behalf of and for the benefit of the corporation. The allegations in the bill, while somewhat meagre, fairly bring the case within the rule where the plaintiffs have no remedy within the corporation. *Brewer* v. *Boston Theatre,* 104 Mass. 378. *Dunphy* v. *Traveller Newspaper Association,* 146 Mass. 495.

It is conceded that if a case is stated against the directors then the corporation is a proper party. As to the defendant directors and the corporation the demurrer must be overruled.

But the demurrer of the defendant Smith must be sustained. He was not concerned in publishing the alleged libel, and did only his duty as treasurer in paying the execution against the corporation. The allegation that demand was made upon him to proceed "in accordance with the by-laws of said corporation" to collect from the directors the sums expended in paying the judgment and expenses is insufficient without setting out by-laws that authorize such proceedings by the treasurer.

Upon the issues raised by the bill and answer the allegations in the answer are controlled by the agreed statement of facts. *Taunton* v. *Taylor,* 116 Mass. 254. The admission that "it is useless

for the plaintiffs to seek for the relief sought for in their bill by any action within the corporation" establishes the right of the plaintiffs to recover if the Eastern Cold Storage Company itself could maintain the action; and the demand admittedly made upon the defendant directors to reimburse the corporation appears to be sufficient, if demand was necessary. The defendants seek hereby to raise two questions in addition to those resulting from the demurrer. The first is that in publishing the circular letter the defendant directors were protected by the law of privileged communications. Without conceding that this question is open in an action by the corporation for reimbursement, it is not supported by the answer or agreed facts. Aside from the general denial in the answer that the defendants published a false and malicious libel, it is not stated that the circular, which it is agreed was signed and published by them, was in the performance of any duty or in good faith, without actual malice; nor is there any denial of the allegations that the publication was wholly outside the legitimate business of the corporation, and was issued to gratify the personal ends of the directors.

The other defense argued is that the defendants were sued individually by said Hill for the same libel, and that judgment was entered for them. The record in the two actions brought by Hill is not before us. Presumably the corporation was held answerable because the libel was published by its agents in the course of their business. *Fogg* v. *Boston & Lowell Railroad,* 148 Mass. 513. And while the plaintiff could recover against either the principal or agents he could not look to both where the tort complained of was not their joint act. *Parsons* v. *Winchell,* 5 Cush. 592. *Mulchey* v. *Methodist Religious Society,* 125 Mass. 487. But whatever the explanation the issues and parties were different, and the judgment in the former action is not a bar to recovery in the present one. In that proceeding the question was whether the defendants were individually liable to Hill; in the present one the corporation seeks indemnity for the damages it suffered due to the misuse of their powers by the defendants while acting as its directors.

A decree for the plaintiffs is to be entered; its form and details to be settled before a single justice.

*So ordered.*