# Henderson v. Gem of Kentucky Lodge No. 1519, Grand United Order of Odd Fellows, et al.

May 22, 1942.

710

David C. Hunter for appellant.

Sam P. Strother, I. Jay Miller, Harry B. Miller, Rufus Lisle, John W. Rowe, Henry M. Johnson and Lucian L. Johnson for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Prior to the year 1900, Gem of Kentucky Lodge No. 1519, Grand United Order of Odd Fellows, was an un-

incorporated fraternal order. In July, 1900, it was incorporated but its charter expired in the year 1925. In the year 1941 the trustees of the Lodge contracted to sell to appellant, F. H. Henderson, certain real estate for $8,000. Appellant being dubious of the title to be conveyed to him, this action was filed under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., by Gem of Kentucky Lodge No. 1519 as an unincorporated association and by five named trustees of the Lodge, and also by the Lodge as a corporation, against Henderson and District Grand Lodge No. 19, of which the local lodge was a subordinate member, and also against the Inter-State Bond Company, holder of certain tax liens against the real estate and against certain individuals, former members of the Lodge who were sued as representatives of that class who were former members.

Answer, counterclaim and cross petition was filed by District Grand Lodge No. 19, which claimed to be the owner of the property pursuant to the by-laws of the National Order, and certain of the individual defendants, sued as representatives of the class of former members, also filed an intervening petition in which it was claimed that the property was owned by the individual former members of the Lodge. In this intervening petition other former members of the Lodge joined, and an order was entered permitting these intervenors to defend the action for and on behalf of the members of the incorporated lodge at the time of the expiration of its charter and who continued to be members thereafter for various lengths of time and who were not members at the time the contract of sale was entered into.

It was agreed by all parties that the contract of sale might be carried out and that the rights of the parties should attach to the proceeds of sale. Accordingly, the cause was submitted to the court for judgment and it was adjudged that the master commissioner execute a deed to appellant conveying the property to him for and on behalf of all interested parties. By virtue of this judgment appellant was not to be charged with any of the costs of the action and it was provided that the taxes should be paid out of the purchase price of the property and that the rights of the parties should attach to the proceeds of sale. Pursuant to this judgment, deed was executed by the master commissioner and tendered to appellant, who declined to accept it on account of his doubts

as to the sufficiency of title conveyed to him. He is willing to accept the deed and pay the purchase price provided good title is conferred upon him, and this appeal is filed to determine that question only.

There can be no doubt that the former individual members of the Lodge are properly before the court by representation. According to the allegations of the petition those members are very numerous and, owing to the fact that the records of the Lodge have been lost or misplaced and that many of them have moved and their names and addresses are unknown, it would be impracticable to bring all of them before court by service of process. In these circumstances, pursuant to Section 25 of the Civil Code of Practice one or more of such class may sue or defend for the benefit of all and this was done. See also Young v. Fitch, 182 Ky. 29, 206 S. W. 29; Black v. Elkhorn Coal Corporation, 233 Ky. 588, 26 S. W. (2d) 481.

With the individual members of the Lodge before court by representation, all persons having any possible interest were parties to the action since the unincorporated association, as well as the corporation, was a party plaintiff and since the District Grand Lodge of which the local lodge was a subordinate was also a party. All parties having any possible interest being before court, it was permissible for them to ratify the contract of sale and agree that deed should be made to the purchaser and, this having been done, appellant would take good title under that deed.

The only possible question, it seems, is as to the power or right of those sued in a representative capacity to make the agreement that the contract of sale should be carried out and that such rights as the class might have should attach to the proceeds of the sale. Since they have the right to control the litigation for and on behalf of the class represented by them, it is our conclusion that they had power to make this agreement subject to the control of the chancellor and, since the chancellor approved the making of the agreement by rendering judgment for the sale of the property, all members of the represented class are bound by the judgment. It thus appears that appellant would receive a good title by virtue of the commissioner's deed executed on behalf of all parties to the litigation. The chancellor having so decided, the judgment is affirmed.