PRICE, TRUSTEE, ET AL. *v.* GURNEY ET AL.

No. 410. Argued January 12, 1945.—Decided February 5, 1945.

*Mr. Wm. W. Keifer,* with whom *Mr. George W. Tehan* was on the brief, for petitioners.

*Mr. Charles W. Stiefel, Jr.,* with whom *Mr. I. E. Ferguson* was on the brief, for respondent.

*Solicitor General Fahy, Messrs. Roger S. Foster, Milton V. Freeman* and *Theodore L. Thau* filed a brief on behalf of the Securities & Exchange Commission, as *amicus curiae.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

The Western Tool & Manufacturing Co. is an Ohio corporation. It has outstanding some 1,100 shares of stock and also bonds which total in principal amount $73,000 with large arrearages of interest. Some twenty years ago, following a default in payment of interest on the bonds, more than 50 per cent of the shares of stock were placed in a voting trust, the voting trustees being designated by the bondholders. The bonds were deposited with a bondholders' committee. The voting trustees were members of the bondholders' committee; and some of the voting trustees were also directors and officers of the company. Since the voting trust was formed the bondholders have been in control of the company. Directors have been elected by the voting trustees. In 1942 the trustee under the mortgage deed of trust filed a petition to foreclose the lien of the bondholders in an Ohio court. The court appointed one of the voting trustees receiver; and he has operated the company as a going concern since that time. The company filed its answer in the foreclosure proceeding, admitting the allegations of the bill and consenting to the appointment of a receiver. Thereafter a judgment was entered on the mortgage for some $134,000. Respondent acting on behalf of himself and other holders of shares or of voting trust receipts moved to set the judgment of

the state court aside. We are told that that motion was denied. It does not appear whether there was an appeal from that denial or whether respondent sought to intervene in the foreclosure proceedings. Respondent as owner of 7 shares of stock and as agent for owners of some 675 shares (including certain shares deposited under the voting trust) also filed a petition in the name of Western Tool & Manufacturing Co. in the District Court asking that the company be given relief under Chapter X of the Bankruptcy Act. 52 Stat. 883, 11 U. S. C. § 501. The petition stated, among other things, that the value of the assets of the company was greatly in excess of the indebtedness and that that value would be lost to the stockholders in the foreclosure action. Respondent accompanied the petition with an affidavit which stated that an unsuccessful attempt had been made to have the corporation file the petition. The affidavit set forth rather serious charges against the management of the company. It alleged that the directors were unlawfully elected and that the corporation was without a *de jure* board. It alleged that certain of the directors were occupying conflicting and inconsistent fiduciary positions, i. e. as members of the committee their fiduciary responsibility was to the bondholders, as voting trustees their fiduciary duties were to the depositing stockholders, as directors and officers their fiduciary obligation was to all the stockholders, depositing and non-depositing. It charged them with acts of mismanagement, with dissipation of the assets of the company, and with management of the company solely for the benefit of the bondholders and against the interests of the stockholders. It alleged that the voting trust was illegal and void and was no longer in effect since it had by its terms expired. And it asserted that the only way in which the value of the stockholders' equity in the company could be preserved was by reorganization in bankruptcy.

The District Court first approved the petition as properly filed. Later the bondholders' committee and the corporation filed motions to dismiss the petition on the grounds, among others, that the board of directors of the company had not authorized it. A hearing was held, following which the District Court dismissed the petition. The Circuit Court of Appeals reversed, one judge dissenting. 142 F. 2d 404. The case is here on a petition for a writ of certiorari which we granted because of the importance of the problem in the administration of the Bankruptcy Act.

Chapter X provides in § 126 that

"A corporation, or three or more creditors who have claims against a corporation or its property amounting in the aggregate to $5,000 or over, liquidated as to amount and not contingent as to liability, or an indenture trustee where the securities outstanding under the indenture are liquidated as to amount and not contingent as to liability, may, if no other petition by or against such corporation is pending under this chapter, file a petition under this chapter."

A creditor is defined in § 106 (4) as the holder of any "claim." A claim is defined in § 106 (1) so as to exclude stock. And a petition is defined as one filed under Chapter X by a debtor, creditors, or indenture trustee. § 106 (9). It is therefore apparent that Congress has not given to stockholders the right to file petitions under Chapter X. The absence of that right is emphasized when we turn to other provisions of the chapter which define the rights of stockholders in these reorganization proceedings. When a debtor is continued in possession, a plan may be filed "by any stockholder, if the debtor is not found to be insolvent." § 170 (3). Any stockholder has the right to be heard "on all matters arising in a proceeding under this chapter." § 206. And detailed provisions are included for the protection of such equity as the stockholders may

have in the business.   See for example § 179, § 180, § 196, § 197, § 216, § 221.   Thus the rights which the stockholders are granted by the Act arise after the proceedings have been instituted.   Thereafter they need not be represented solely by the debtor corporation.   They may appear in their own right.   Indeed, the Act contemplates their participation in the proceedings for the protection of such equity as they may have.   But the initiation of the proceedings, like the run of corporate activities, is left to the corporation itself, i. e. to those who have the power of management.

These principles are not seriously questioned.   And respondents make no pretense of saying that they in fact have the power of management over this Ohio corporation or that § 8623–55 of Ohio's General Corporation Act which vests the management of Ohio corporations in the board of directors [1] is inapplicable here.   Their theory rather is that the directors have breached their trust and have caused the corporation to commit acts which are confiscatory of the stockholders' interests, that the corporation has a defense against or a remedy in alleviation of the foreclosure action which the directors refuse to invoke, and that therefore the stockholders under the familiar rules governing derivative actions (*Dodge* v. *Woolsey,* 18 How. 331; *Davenport* v. *Dows,* 18 Wall. 626; *Hawes* v. *Oakland,* 104 U. S. 450) may proceed on behalf of the corporation.   That was the view which prevailed in the Circuit Court of Appeals.   But we do not think it stands analysis.

---

[1] That section reads in part as follows:

"All the capacity of a corporation shall be vested in and all its authority, except as otherwise provided in this act or in the articles in regard to action required to be taken, authorized or approved by shareholders, shall be exercised by a board of directors of not less than three persons, which shall manage and conduct the business of the corporation."

There is a misconception running through the presentation of this case which should be noted at the outset. It is a misnomer to speak of the filing of the petition on behalf of the corporation as a derivative action. A derivative action is a suit by a shareholder to enforce a corporate cause of action. The corporation is a necessary party to the suit. And the relief which is granted is a judgment against a third person in favor of the corporation. That is the rule in Ohio as well as elsewhere. 10 Ohio Juris. §§ 244 *et seq.; Dodge* v. *Woolsey, supra; Davenport* v. *Dows, supra; Hill* v. *Murphy*, 212 Mass. 1, 98 N. E. 781; *Groel* v. *United Electric Co.*, 70 N. J. Eq. 616, 61 A. 1061; *Continental Securities Co.* v. *Belmont*, 206 N. Y. 7, 99 N. E. 138. Similarly if a corporation has a defense to an action against it and is not asserting it, a stockholder may intervene and defend on behalf of the corporation. 10 Ohio Juris. § 257; *Eggers* v. *National Radio Co.*, 208 Cal. 308, 281 P. 58; *Fitzwater* v. *National Bank*, 62 Kan. 163, 61 P. 684. Moreover, equity has evolved numerous remedies to protect not only the rights of the corporation but the interests of the stockholders as such against various acts of mismanagement. See 10 Ohio Juris. §§ 260 *et seq.;* Berle, Studies in the Law of Corporation Finance (1928). But respondents have not pursued either course. The petition which they have filed with the bankruptcy court is not a suit to enforce or protect a corporate right. Nor is it a suit to protect the interests of respondents as stockholders. Yet if it were either one, the federal District Court could not entertain it. No diversity of citizenship is shown and no other basis of federal jurisdiction is apparent. The question therefore is whether the bankruptcy court as an incident of its bankruptcy powers can give respondents the relief which, if their charges are taken as true, they might obtain in another forum. We do not think it can.

The District Court in passing on petitions filed by corporations under Chapter X must of course determine whether they are filed by those who have authority so to act. In absence of federal incorporation, that authority finds its source in local law. If the District Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition. It is not enough that those who seek to speak for the corporation may have the right to obtain that authority. The jurisdiction which Congress has given the bankruptcy court over the debtor and its property prior to the approval of the petition (see § 111, § 112, and § 113) does not extend to this situation. The District Court in the exercise of its diversity jurisdiction would of course have the power to enforce derivative actions,[2] to make faithless directors account, and the like, where local law permits. But under the Bankruptcy Act the power of the court to shift the management of a corporation from one group to another, to settle intracorporate disputes, and to adjust intracorporate claims is strictly limited to those situations where a petition has been approved. Thus § 156 provides for the displacement of the management and the appointment of a disinterested trustee [3] in case of certain companies after approval of the petition. In other situations the court may continue the debtor in possession. § 156. The plan must include provisions "which are equitable, compatible with the interests of creditors and stockholders, and consistent with public policy" with respect to the manner of selection of directors, officers and the like. § 216 (11). And the plan must likewise provide for the retention and enforcement of claims, not settled or adjusted in the plan, which the corporation

---

[2] See Rule 23 (b), Rules of Civil Procedure.

[3] As defined in § 158.

may have against officers, directors, and others. § 216 (13). But nowhere is there any indication that Congress bestowed on the bankruptcy court jurisdiction to determine that those who in fact do not have the authority to speak for the corporation as a matter of local law are entitled to be given such authority and therefore should be empowered to file a petition on behalf of the corporation. Respondents may have a meritorious case for relief. On that we intimate no opinion. But if they are to be allowed to put their corporation into bankruptcy, they must present credentials to the bankruptcy court showing their authority.

It is argued that circuity of action will be avoided and the adequacy of stockholders' remedies will be enhanced if the bankruptcy court is authorized to entertain petitions like the present one. That may well be true. But any such enlargement of the jurisdiction of the bankruptcy courts is for Congress. It has chosen to withhold from stockholders the right to institute these bankruptcy proceedings. In absence of federal incorporation, intracorporate disputes of the character presented here are, as we have said, governed by state law. The creation of a new basis of federal jurisdiction to hear them, pass on their merits, and adjudicate them is a legislative act.

A different question is presented where stockholders appear in opposition to a petition filed by the corporation. See § 206. Cf. *In re Beaver Cotton Mills,* 275 F. 498; *Whittaker* v. *Brictson Mfg. Co.,* 43 F. 2d 485.

*Reversed.*