### POTTISH v. DIVAK et al.

District Court, S. D. New York.
March 25, 1947.

Arthur Newman and Nathan B. Kogan, both of New York City, for plaintiff.

H. Victor Schwimmer, of New York City, for defendant Divak.

Satterlee, Warfield & Stephens, of New York City, for defendant Robert Reis & Co.

LEIBELL, District Judge.

The plaintiff herein, the owner and holder of 200 shares of the common stock of the defendant Robert Reis & Co., brought an action against the defendant Divak pursuant to Section 16(b) [1] of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p (b), to recover certain profits realized by the defendant Divak by engaging in "short swing" transactions in the securities of the defendant, Robert Reis & Co. The complaint was filed on March 1, 1945, and later was dismissed because it was not a verified complaint, with leave to amend. A verified complaint was filed on August 17, 1945. Thereafter an order of substitution of attorneys was entered and, as stated in the affidavit of plaintiff's present attorney, an investigation was made into the defendant's transactions in the securities of Robert Reis & Co. As a result thereof it was estimated that the recoverable profits amounted to the sum of $50,770. On March 5, 1947, the plaintiff in the action made application for leave to settle and compromise the claim for relief herein for the sum of $5,000.

The affidavit of the plaintiff's attorney submitted on the application states that there is some question as to the sufficiency of the complaint in its present form, it may be defective in form, and an amendment thereof might give rise to a defense of the statute of limitations; that the statute of limitations already seems to bar a recovery of some of the estimated recoverable profits; and finally that the collectibility of a judgment against the individual defendant herein is uncertain. The attorneys for the defendant, Robert Reis & Co., have advised the attorney for the plaintiff that the company approves the proposed settlement for $5,000. Divak was not an officer or director of the company. Because of the limited amount of a certain class of stock of the defendant outstanding he happened to come within the 10% rule at certain times.

Before the merits of the compromise can be considered, a question of procedure must be answered. If an action under Section 16(b) of the Securities Exchange Act of 1934 by a security holder in the name and on behalf of the corporate issuer of the security to recover profits taken on "short swing" transactions in the security is to be settled, does Rule 23, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c,[2] regulating the procedure for settling class actions and stockholders' derivative actions, apply?

 Section 16(b) of the Securities Exchange Act of 1934 creates a new cause of action which did not exist at common law or by virtue of the provisions of any

---

[1] Section 16(b) provides that, in order to prevent the unfair use of inside information by the beneficial owner of more than 10 per cent of any class of any equity security, any profit realized by him from a purchase and sale of such security within any period of less than six months shall, with certain exceptions, inure to and be recoverable by the issuer. The section then further provides that: "Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized."

[2] "Rule 23. Class Actions.

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

"(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought.

"(b) Secondary Action by Shareholders. In an action brought to enforce a

statute. But it has many of the essential features of a stockholder's derivative action as described in Rule 23, Federal Rules of Civil Procedure. The right enforced is secondary; its enforcement depends upon refusal of the corporation to assert the right; and the recovery inures to the benefit of the corporation. In Price v. Gurney, 324 U.S. 100 at page 105, 65 S.Ct. 513, 516, 89 L.Ed. 776, the court defines a stockholder's derivative action:

"A derivative action is a suit by a shareholder to enforce a corporate cause of action. The corporation is a necessary party to the suit. And the relief which is granted is a judgment against a third person in favor of the corporation."

In Smolowe v. Delendo Corp., 2 Cir., 1943, 136 F.2d 231, 241, 148 A.L.R. 300, certiorari denied, 1943, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446 the court, in construing Section 16(b), said:

"While it is well settled that in a stockholder's or creditor's representative action to recover money belonging to the class the moving party is entitled to lawyer's fees from the sum recovered, this was not strictly an action for money belonging to either class, but for a penalty payable to the corporation. Ordinarily the corporate issuer must bring the action; and only upon its delay or refusal to do so, as here, may a security holder act for it in its name on its behalf. But this in effect creates a derivative right of action in every stockholder * * *."

■ Since a Section 16(b) suit by a stockholder must be brought in the federal courts [3] and since it is essentially a secondary or derivative action, it is necessary to consider the application of Rule 23 of the Federal Rules of Civil Procedure to the settlement of such suits. It should be initially noted that Rule 23(b) applies to actions by "shareholders" i. e. those with a proprietary interest, whereas Section 16(b) applies to "security owners," a varied class [4] which includes shareholders and others than those having a proprietary interest. See Yourd, Trading in Securities by Directors, Officers and Stockholders: Section 16 of the Securities Exchange Act, 38 Mich. Law Review 133, 154. When the action under Section 16(b) is brought by a shareholder it seems to me that it is a class action within the definition of Rule 23(a)(1) and that any compromise of the action is governed by Rule 23(c).

■ The mischief which Rule 23(c) was designed to prevent in the settlement of ordinary stockholders' derivative actions may be present also in the settlement of a Section 16(b) action. The opportunity for collusive settlements is present, even though, as in this case, the Court is completely satisfied that the attorneys have made every effort to get the best settlement possible. The safeguards of Rule 23 should be applied, the court exercising the discretion it possesses under the Rule, as to notice to stockholders.

■ On the present application it would appear that actual notice of the compromise and the terms thereof should be given to the Securities and Exchange Commission and to each of the directors of the defend-

---

secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath and shall aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law and (2) that the action is not a collusive one to confer on a court of the United States jurisdiction of any action of which it would not otherwise have jurisdiction. The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such

action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort.

"(c) Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court. If the right sought to be enforced is one defined in paragraph (1) of subdivision (a) of this rule notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. If the right is one defined in paragraphs (2) or (3) of subdivision (a) notice shall be given only if the court requires it."

[3] Section 27, Securities Exchange Act of 1934, 15 U.S.C.A. § 78aa.

[4] Section 3(a)(10), Securities Exchange Act of 1934, 15 U.S.C.A. § 78c(a)(10).

ant corporation. Notice to all other security holders may be given by publication thereof in newspapers in the Cities of Boston, Massachusetts, New York, New York, and Chicago, Illinois, advising that an application for approval of a compromise of the action is pending, summarizing the claim and the terms of the proposed settlement, and fixing a date for a Court hearing on the advisability of the settlement. It would cost too much in this case to mail a notice to the thousands of stockholders of the Reis Co.

Settle an order accordingly.