**SINCLAIR MINES, Inc., Appellant,**

v.

**The SOUTHERN LAND and COAL COMPANY et al., Appellee.**

Court of Appeals of Kentucky.

May 27, 1955.

Rucker Todd, Louisville, Sam T. Jarvis, Greenville, for appellant.

Harold M. Streets, W. D. Bratcher, Greenville, for appellees.

MOREMEN, Judge.

Appellant, Sinclair Mines, Inc. (hereafter called Sinclair), agreed in writing to buy certain coal properties from the Southern Land and Coal Company, appellee (hereafter called "Old Southern"). At that time, however, Old Southern's corporate charter had expired. This charter had provided that the corporate existence would end on January 17, 1930. Nevertheless, after that date it continued to transact business in connection with its real property under its corporate name until the incorporation of a new company bearing the same name which we will call "New Southern." Old Southern had issued and had outstanding 510 shares of common stock, and the board of directors of New Southern offered to issue stock to holders of corporate shares in Old Southern upon surrender of certificates evidencing shares in the old company. This offer was on a share for share basis. The holders of 295 shares accepted this offer. It was after this time on February 15, 1955, when Old Southern entered into an agreement to sell the mining properties to Sinclair. Old Southern tendered to Sinclair a deed which recited generally the corporate history. Sinclair refused to accept the deed. Thus, the stage was set for this suit which seeks a declaration that the deed will convey a good and merchantable title.

Old Southern named as defendants (a) New Southern, and (b) six persons individually and as representatives of the shareholders of Old Southern at the time its charter expired. These six persons were named representatives of the shareholders' successors and spouses.

Thereafter all parties joined in a motion for summary judgment, and supporting affidavits were filed. The court, having some doubt as to whether this joint action might be classified as a "compromise" under C R 23.02, ordered advertisement of the nature of the proposed judgment in two papers of general circulation in the community where Old Southern had its principal office. After publication, a judgment was entered which declared and ordered (a) the members of the class were so numerous as to make it impracticable to bring them before the court; the rights sought to be enforced were common to the class, and the six defendants named as parties defendant insured adequate representation of all members of the class, and (b) upon payment of the agreed purchase price, the master commissioner should convey to Sinclair for and on behalf of Old Southern, New Southern and the class a good and merchantable title to the property.

On this appeal, Sinclair fails to point out any error which it might believe to have invalidated the proceedings and it seems to be prosecuted only for the purpose of definitely establishing, finally, in a court of last resort that the title to be conveyed by the commissioner's deed is good.

From the statement of the facts given above, it is plain that the power to convey this property was either in Old Southern or in New Southern, or in the class which was appropriately represented in this suit, or in a combination of all three. This being so, there remains only an interpretation as to whether the procedure followed was sufficient. We believe that it was.

In Henderson v. Gem of Kentucky Lodge, 290 Ky. 709, 162 S.W.2d 539 (practiced under the old Code), the facts abbreviated are as follows: The trustees of the lodge contracted to sell the lodge's real estate to Henderson. It appears that the lodge's charter had expired some sixteen years before. The lodge filed suit for a declaratory judgment. Henderson and certain individual members of the lodge were sued as representative of the class of all former members. A judgment was entered directing the master commissioner to execute a deed to Henderson for and on behalf of all interested parties. Henderson was unwilling to accept the deed and, upon final appeal to this court, the judgment was affirmed on the ground that the former members were adequately represented under the old Civil Code, § 25.

This case, for all practical purposes, differs from the Henderson case only in that the latter was practiced under the old Code and the instant case under the new rules. We believe that the procedure taken here was a proper class action under C R 23.01 and, although we are not prepared to hold at this time that upon joint motion for summary judgment, such procedure as this may be classified as one which is proposed to be "compromised" under CR 23.02, still the precautionary method of advertisement under its terms is reassuring in that it, at least, gave constructive notice to all parties of the class. Clay, CR 247; 3 Moore, Federal Practice, 23.24 (3); and Pottish v. Divak, D.C., 71 F.Supp. 737.

Judgment affirmed.