In re HUNTERS HORN ASSOCIATES,
Debtor.

UNION PLANTERS NATIONAL
BANK, Movant,

v.

HUNTERS HORN ASSOCIATES,
Respondent.

Bankruptcy No. 393–04318.

United States Bankruptcy Court,
M.D. Tennessee.

Sept. 22, 1993.

Paul E. Jennings, Jennings, Lane & Ramer, Nashville, TN, for debtor.

Thomas T. Pennington, David T. Axford, Stokes & Bartholomew, P.A., Nashville, TN, for Union Planters Nat. Bank.

Barbara D. Holmes, Asst. U.S. Trustee, Nashville, TN, for E. Franklin Childress, Jr., U.S. Trustee, Region VIII.

*MEMORANDUM*

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented is whether the general partner of a Tennessee partnership has authority to file a voluntary Chapter 11 petition for the partnership if the general partner is a debtor in an individual Chapter 7 case. The general partner was without authority to commence this voluntary Chapter 11 case. The following are findings of fact and conclusions of law. Fed. R.Bankr.P. 7052.

**I.**

Hunters Horn Associates ("Hunters Horn") is a Tennessee general partnership consisting of two general partners, Gary L. Sisco ("Sisco") and the estate of David Martindale.[1] On June 4, 1991, Gary Sisco filed an individual Chapter 7 petition. Sisco's Chapter 7 trustee has not abandoned the estate's interest in Hunters Horn. Administration of the Sisco Chapter 7 case is not complete.

On June 2, 1993, Sisco filed this voluntary Chapter 11 petition for Hunters Horn. This petition was filed with the consent of the Martindale estate.

Union Planters National Bank ("Union Planters"), the holder of a secured claim against Hunters Horn, moved to dismiss on the ground that Sisco's individual Chapter 7 filing deprived him of authority to commence a voluntary Chapter 11 case for Hunters Horn.

**II.**

A voluntary Chapter 11 case is commenced by the filing of a petition by an entity that can be a debtor under that chapter. 11 U.S.C. § 301. A general partnership is a "person" eligible to be a debtor

1. The death of David Martindale did not cause dissolution of Hunters Horn Associates pursuant to Tenn.Code Ann. § 61–1–130(4) because the Partnership Agreement provided otherwise at para. 7.1.

under Chapter 11. *See* 11 U.S.C. §§ 101(41), 109(d).

Bankruptcy Rule 1004(a) provides "a voluntary petition may be filed on behalf of a partnership by one or more general partners if all general partners consent to the petition." Fed.R.Bankr.P. 1004(a). Although one court flirted with the idea that Fed.R.Bankr.P. 1004(a) establishes a uniform national rule with respect to who has authority to file a voluntary bankruptcy case for a partnership,[2] nothing in the Bankruptcy Code defines who may act to file a petition for a partnership. The general rule has emerged that authority to bind an entity to a voluntary petition in bankruptcy is determined by state law. *See Price v. Gurney,* 324 U.S. 100, 106, 65 S.Ct. 513, 516, 89 L.Ed. 776 (1945) (authority to file petition on behalf of corporation is determined by state law); *Phillips v. First City (In re Phillips),* 966 F.2d 926, 933 (5th Cir.1992) (determination of who is a partner for purposes of Rule 1004(a) requires consideration of state law); *In re Monteray Equities—Hillside,* 73 B.R. 749, 752 (Bankr.N.D.Cal.1987) ("bankruptcy petition for a partnership or other artificial entity may be filed by those who, under state law, have the authority to manage the entity").

Under Tennessee law, the filing of a voluntary bankruptcy petition for a partnership is a management prerogative exercised by the entity or individual(s) having authority to act for the partnership. *See* Tenn.Code Ann. § 61–1–108 (partner is agent of partnership for purposes of "execution in the partnership name of any instrument."). Under the Hunters Horn Partnership Agreement, the prior written consent of all partners was required to act for the partnership "outside the ordinary course of business."

When Sisco filed his individual Chapter 7 case, an estate was created which consisted of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The property that entered Sisco's Chapter 7 estate under § 541 is broadly defined to include all real property, personal property, tangible property and intangible property. See *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 204–05, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983) (citing S.Rep. No. 95–989, 95th Cong., 2d Sess. 82 (1978); H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 367–68 (1977)); *Forbes v. Lucas (In re Lucas),* 924 F.2d 597, 600 (6th Cir.1991), *cert. denied,* —— U.S. ——, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991); *Perry v. General Motors Acceptance Corp. (In re Perry),* 48 B.R. 591, 598–99 (Bankr.M.D.Tenn.1985). Absent a controlling federal statute, the terms "property" and "property interests" are to be defined by state law. *Barnhill v. Johnson,* —— U.S. ——, ——, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992).

The rights and interests of a general partner in a Tennessee partnership are defined by the Tennessee Uniform Partnership Act. *See* Tenn.Code Ann. § 61–1–101 *et seq.* (1989). The Tennessee Uniform Partnership Act defines the right to manage the partnership as a "property right" of the general partner. Tenn.Code Ann. § 61–1–123 provides:

> The property rights of a partner are:
> (1) His rights in specific partnership property;
> (2) His interest in the partnership; and
> (3) His right to participate in the management.

Sisco's management authority as general partner of Hunters Horn was a "property interest" that passed to Sisco's Chapter 7 estate under § 541. *See In re Wallen,* 43 B.R. 408, 409 (Bankr.D.Idaho 1984) (general partner's property rights, including management right, become property of the estate); *In re Manor Place Dev. Assoc.,* 144 B.R. 679, 684 (Bankr.D.N.J.1992) ("[o]ne of the estate's protected property interests is [the] right to participate as a managing general partner ..."); *In re Cardinal Indus.,* 116 B.R. 964, 970–71 (Bankr.S.D.Ohio

---

**2.** In *Phillips v. First City (In re Phillips),* 966 F.2d 926, 933 (5th Cir.1992), the Fifth Circuit summarized the district court's unpublished decision reaching this conclusion, and then reversed the district court.

.1990) (general partners management interest is property of the estate subject to automatic stay). *See also Kerry v. Schneider,* 239 F.2d 896, 898 (9th Cir.1956) (trustee possesses all of a bankrupt partner's property rights in the partnership including management rights).

In addition, the Hunters Horn Partnership Agreement gave both general partners the right to manage the partnership business, but vested daily management responsibility in David Martindale. Sisco assumed the role of managing partner upon Martindale's inability to act. Sisco's contractual rights of management were property interests which became property of Sisco's Chapter 7 estate.

The Chapter 7 trustee acts as the representative of the Chapter 7 estate. 11 U.S.C. § 323(a). Only Sisco's Chapter 7 trustee had authority to act for Hunters Horn at the time Sisco presumed to file this Chapter 11 case.[3] Sisco's Chapter 7 trustee did not initiate or join in the filing of this petition for Hunters Horn.

Because this "voluntary" Chapter 11 petition was commenced without authority from the debtor, and because no party has suggested how this defect can be retroactively corrected,[4] the bank's motion to dismiss will be granted.

An appropriate order will be entered.

### *ORDER*

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that Union Planters National Bank's motion to dismiss is granted.

IT IS SO ORDERED.

---

3. The question whether state law or the Bankruptcy Code would have permitted the Chapter 7 trustee to file this Chapter 11 petition, and the related question whether third parties were bound to accept such actions by the trustee, are neither raised nor decided in this case. *See, e.g.,* 11 U.S.C. § 365(c)(1). It is sufficient that *Sisco* did not have management authority at the time he filed Hunters Horn's voluntary petition.

---

4. The debtor has eschewed reliance on the argument that this petition could be treated as a "de facto" involuntary petition. *See, e.g., In re Memphis Friday's Assoc.,* 88 B.R. 821 (Bankr. W.D.Tenn.1988).