Harry G. HAGER, Appellant,

v.

Ruth A. GIBSON, Appellee.

Civ. A. Nos. 4:95cv46, 4:95cv47.

United States District Court,
E.D. Virginia,
Newport News Division.

Aug. 8, 1995.

John E. Bedi, Virginia Beach, VA, for Appellant.

Alvin Powers Anderson, Williamsburg, VA, Ruth A. Gibson, Norge, VA, for Appellee.

## ORDER AND OPINION

MORGAN, District Judge.

On March 27, 1995, the appellant filed a Notice of Appeal. The appeal contests the decision of the bankruptcy court granting the appellee's Motion for Summary Judgment and denying the appellant's Motion to Dismiss. On May 15, 1995, the appellant submitted his brief in support of his appeal. The appellee responded on May 26, 1995. On June 5, 1995, the appellant filed his reply brief. The matter is now ready for judicial determination.

## STATEMENT OF FACTS

On April 26, 1993, Preference, Ltd. ("Preference"), a Virginia corporation, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia. Preference operates a retail establishment in Williamsburg, Virginia. Donald J. Roop, Jr. ("Roop") and Harry G. Hager ("Hager") each own fifty percent of the shares of the corporation. Roop is the president and a director of Preference.

Preference obtained its financing from Crestar Bank ("Crestar"). Upon learning of several disagreements between Roop and Hager, Crestar demanded full payment of the notes. On December 30, 1992, Hager, in his name, purchased the Crestar note by assignment. Once Hager purchased the note, he closed the business and retained the

services of a liquidation firm to liquidate the inventory.

On March 16, 1993, Roop mailed a Notice of Special Meeting of Stockholders of Preference to Hager via certified mail return receipt requested. Roop also mailed the notice, along with other information, to Hager's attorney, Troy A. Titus ("Titus"). The notice stated, in pertinent part:

> The purpose of the meeting is to consider a resolution authorizing and directing the officers and directors of the corporation to file on behalf of the corporation a Petition in Bankruptcy to the United States Bankruptcy Court in Newport News, Virginia. You may govern yourself accordingly.

Hager refused to accept the certified letter. Titus acknowledged receipt of the letter in writing. Titus wrote that "I have reviewed the papers with my client. However, my client does not wish to sign them."

Roop hired Stephen D. Harris ("Harris") to act as independent counsel for Preference at the special meeting. On March 29, 1993, Harris and Roop met at the assigned location. Neither Hager nor Titus attended the meeting. During the meeting, Roop voted to file a petition for bankruptcy on behalf of Preference. Roop passed a resolution stating that: (1) he would file bankruptcy on behalf of Preference; (2) Hager failed to appear at the meeting; and (3) Hager was precluded from voting on the resolution, per Harris' advice, because Hager was a secured creditor of Preference. In accordance with the resolution, Hager filed a voluntary petition on behalf of Preference pursuant to Chapter 7 of the Bankruptcy Code on April 26, 1993.

Ruth Gibson ("Gibson") was appointed to act as trustee for Preference. On December 14, 1993, Gibson demanded that Hager turn over certain funds and tangible personal property. On August 18, 1994, Gibson filed a Complaint for Turnover of Property. Finally, on December 20, 1994, Hager filed a Motion to Dismiss the bankruptcy case.

## PROCEDURAL HISTORY

On January 20, 1994, the bankruptcy court conducted a hearing on Hager's Motion to

Dismiss and Gibson's Motion for Summary Judgment. In his Motion to Dismiss, Hager claimed that the bankruptcy court lacked subject matter jurisdiction because, under the laws of Virginia, the corporation could not file a bankruptcy petition without approval from a majority of the shareholders. At the special meeting, Hager did not vote and, therefore, only fifty percent of the shareholders approved the resolution to file the petition. The bankruptcy judge denied Hager's motion holding that Hager's motion was barred by the doctrine of laches. The bankruptcy judge found that Hager waived his right to be present at the meeting and to vote on the resolution. The bankruptcy judge granted Gibson's Motion for Summary Judgment and found that Hager had received sufficient notice of the special meeting pursuant to state law. Accordingly, the court upheld the validity of the bankruptcy petition.

## STANDARD OF REVIEW

■ Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals from final decisions of the Bankruptcy Court for the Eastern District of Virginia. In reviewing a bankruptcy court's ruling on appeal, a district court must apply a clearly erroneous standard of review to findings of fact, and a *de novo* standard of review to conclusions of law. *E.g. Finney v. Smith,* 141 B.R. 94, 97 (E.D.Va.1992); *Hargrove v. Edwards Co., Inc.,* 133 B.R. 765, 766 (E.D.Va.1991).

## ANALYSIS

### Whether a Motion to Dismiss for Lack of Subject Matter Jurisdiction May Be Barred by the Doctrine of Laches

■ On December 20, 1994, Hager filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. Hager claimed that Roop could not file a bankruptcy petition on behalf of Preference without Hager's approval. Hager argues that because Roop had no authority to file a bankruptcy petition, the Court has no subject matter jurisdiction over the case.

The bankruptcy judge found that Hager had knowledge of the bankruptcy proceeding

for some time and delayed raising the jurisdictional issue for at least twelve months. The bankruptcy judge noted that Hager had previously admitted in his pleadings that the bankruptcy court had jurisdiction. In accordance with his findings, the bankruptcy judge denied Hager's motion and held that the doctrine of laches barred a dismissal for lack of subject matter jurisdiction.

■ The Supreme Court for the United States has held that to have a valid order, a federal court must have jurisdiction over the subject matter. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701, 102 S.Ct. 2099, 2103–04, 72 L.Ed.2d 492 (1982). The Court further held that

[s]ubject-matter jurisdiction [ ] is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant ... principles of estoppel do not apply ... and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.

*Id.* at 702, 102 S.Ct. at 2104 (internal citations omitted). The parties cannot stipulate that jurisdiction exists and they cannot confer jurisdiction upon the court. *California v. LaRue,* 409 U.S. 109, 112 n. 3, 93 S.Ct. 390, 394 n. 3, 34 L.Ed.2d 342 (1972).

■ Whether a court has subject matter jurisdiction is an issue of law and will be reviewed under a *de novo* standard. The Court FINDS that Hager's failure to raise the issue of lack of subject matter jurisdiction is not barred by the doctrine of laches. The Court further FINDS that if no subject matter jurisdiction exists, this Court does not have the authority to rule on the bankruptcy petition. Accordingly, this Court WILL CONSIDER the defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

### Whether the Corporation's Petition for Bankruptcy is Valid

■ Before ruling on a corporate bankruptcy petition, district courts must first de-

termine whether the petition is filed by those with the authority to do so. *Price v. Gurney*, 324 U.S. 100, 106, 65 S.Ct. 513, 516, 89 L.Ed. 776 (1945). If the corporation is incorporated under state law, then the district court must look to state law to decide whether the authority to file bankruptcy existed. *Id.* "If the District Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition." *Id.* Several issues regarding Roop's authority to file the petition exist and the Court will address each issue individually.

### 1. Whether Hager received sufficient notice of the Special Shareholder's Meeting

■ Section 13.1–655 of the Code of Virginia states that the president of a corporation may call a special meeting of shareholders at any time.[1] Va.Code 13.1–655(A)(1). When a corporation schedules a special meeting, it must notify all shareholders eligible to vote of the date, time, and place of the meeting. Va.Code 13.1–658(A). "Notice of a special meeting shall state the purpose or purposes for which the meeting is called." Va.Code 13.1–658(C). A shareholder may waive notice of the meeting. Va.Code 13.1–659. Such waiver shall be in writing, signed by the shareholder entitled to notice, and delivered to the secretary of the corporation. Va.Code 13.1–659(A). A shareholder may also waive notice by attending the meeting. Va.Code 13.1–659(B).

Hager claims that he did not receive notice of the special meeting of shareholders. However, Roop sent notice via certified mail return receipt requested, and Hager refused to accept the notice. Further, Roop sent notice to Titus, Hager's attorney. In writing, Titus acknowledged acceptance of the information and admitted that he shared the information with Hager.

The bankruptcy judge found that the notice was adequate and that Hager received notice of the meeting. The bankruptcy

judge's finding regarding the adequacy and receipt of notice is a finding of fact. As such, the Court will only reverse the finding if it is clearly erroneous. The Court FINDS that sufficient evidence exists to support the bankruptcy judge's finding of fact and AFFIRMS the bankruptcy court's holding that the notice was adequate and that Hager had actual notice of the special shareholder's meeting.

### 2. Whether the bankruptcy petition is valid

■ At the special shareholder meeting on March 29, 1993, Roop, who was the only shareholder present, passed a resolution to file the petition.

To take action at a special meeting, a quorum must support the action. Va.Code 13.1–666(A). A quorum is "a majority of the votes entitled to be cast on the matter by the voting group." *Id.* Hager alleges that the resolution was invalid because a quorum did not exist. Hager alleges that he was entitled to vote and, therefore, the resolution was not passed with the majority of votes entitled to vote. Roop argues that Hager's failure to attend the meeting and Hager's status as a secured creditor made Hager ineligible to vote on the resolution. Accordingly, Roop argues that the resolution is valid.

■ A shareholder has "unfettered discretion . . . to vote freely his or her stock in the corporation." *Bowman v. State Bank of Keysville*, 229 Va. 534, 540, 331 S.E.2d 797 (1985); *cf. Fein v. Lanston Monotype Mach. Co.*, 196 Va. 753, 766, 85 S.E.2d 353 (1955) ("Self-interest is not a disqualification of the right to vote, in the absence of fraud or other disqualification"). The Court FINDS that a shareholder who is a secured creditor is not barred from voting on a proposal to file a voluntary petition in bankruptcy solely because his or her interest may be adverse to that of the corporation. Accordingly, Hager was not barred from voting at the March 29, 1993 meeting by virtue of his status as a secured creditor.

1. The articles of incorporation contain no information regarding special shareholders meetings and notice. Accordingly, the Virginia Code mandates the requirements for special meetings and notice.

**198**

However, the Court FINDS that Hager had knowledge of the bankruptcy proceeding for more than a year before he filed his Motion to Dismiss. The bankruptcy court found that Hager had known about the bankruptcy petition for some time. Further, Gibson alleges that she wrote a letter to Hager demanding a turnover of certain funds and tangible personal property on December 14, 1993. Hager admitted that he received the letter in his Response to Gibson's Motion for Summary Judgment. Accordingly, the Court FINDS that Hager had knowledge of the bankruptcy petition on December 14, 1993, if not earlier.

Hager filed his Motion to Dismiss on December 20, 1994, at least one year after he had knowledge of the bankruptcy petition. Hager's delay in filing ratified the action taken by Roop. *C.f. Baumel v. Rosen*, 412 F.2d 571, 574–75 (4th Cir.1969), *cert. denied*, 396 U.S. 1037, 90 S.Ct. 681, 688, 24 L.Ed.2d 681 (1970) (when party to contract failed to rescind the contract for fourteen months, delay prohibits the late attempt to rescind); *Mardel Sec., Inc. v. Alexandria Gazette Corp.*, 320 F.2d 890, 896 (4th Cir.1963) ("stockholder suing on behalf of corporation must act promptly after acquiring knowledge of the conditions of which he complains or be barred"); *In re I.D. Craig Serv. Corp.*, 118 B.R. 335, 338 (Bankr.W.D.Penn.1990) (board of directors barred from objecting to president's filing a voluntary bankruptcy petition because board waited one year to object). The Court FINDS that Hager's failure to oppose the bankruptcy for more than one year after he had knowledge of the bankruptcy coupled with Hager's failure to attend the special shareholders meeting after he received notice of the meeting constitutes ratification of the decision to file the voluntary bankruptcy petition. The Court further FINDS that the bankruptcy petition is valid. Accordingly, the Court AFFIRMS the decision of the bankruptcy court by denying Hager's Motion to Dismiss and granting Gibson's Motion for Summary Judgment.

## CONCLUSION

The Court AFFIRMS the findings of the bankruptcy court for reasons other than those given by the bankruptcy court. Accordingly, Hager's Motion to Dismiss is DENIED and Gibson's Motion for Summary Judgment is GRANTED.

It is so ORDERED.