**In re The OLD GRIND COMPANY, INC. d/b/a The Osceola Mill Country Inn Vesuvius, Virginia 24483, Debtor.**

**Bankruptcy No. 5–89–00047.**

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

April 21, 1989.

W. Wayne Heslep, Lexington, Va., for debtor.

Douglas T. Stark, Harrisonburg, Va., for Kathryn S. Newcomb.

### MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the Court for decision arises as a result of a motion by Kathryn S. Newcomb to determine the corporate authority for the filing of the above-captioned Chapter 11 reorganization proceeding and a motion to dismiss for lack of authority. Specifically, Kathryn S. Newcomb (Mrs. Newcomb) alleges that there was not a proper resolution of the board of directors of The Old Grind Company, Inc. (the Company) authorizing the filing of the Chapter 11 petition. The Court heard the parties on this motion on April 14, 1989. The Court has reviewed the evidence submitted, considered the testimony of witnesses, and the authority cited by counsel. The following constitutes the Court's decision.

### FACTS

The Company is a Virginia corporation having been formed by the filing of Articles of Incorporation dated December 19, 1986, with the State Corporation Commission of Virginia. No party in interest questions the status of the corporate entity with the State of Virginia. In the Articles of Incorporation, signed by Paul W. Newcomb (Mr. Newcomb), the initial board of directors was designated as required by law. This initial board of directors consisted of Mr. and Mrs. Newcomb.

On December 18, 1986, an organizational meeting of the incorporators was held. At that time, Mr. and Mrs. Newcomb were elected as directors of the corporation. In addition, there is a notation in the corporate minutes that Mr. Newcomb intended to subscribe to 1,000 shares of company stock in exchange for the payment to the company of $1,000.00 in cash. The minutes specifically recite that the directors are authorized to issue the stock to Mr. Newcomb upon the Company's receipt of the consideration. Finally, the Company adopted a resolution to elect sub-chapter S status under the Internal Revenue Code. Movant's exhibit 4 shows that such an election was prepared and signed by Mr. Newcomb. This form, filed with the Internal Revenue Service, shows both Mr. and Mrs. Newcomb as shareholders in the Company, with each owning 500 shares of stock.

The board of directors of the Company also adopted bylaws. The most important bylaw provision for determination of this motion is Article III, paragraph 2, which states, in relevant part, "each director shall hold office until the next annual meeting of stockholders and until his successor shall have been elected and qualified."

Following the organizational meeting of incorporators on December 18, 1986, there were a series of meetings of shareholders and directors. Until the meeting of shareholders on February 13, 1988, Mr. and Mrs. Newcomb were the only elected directors and officers of the Company. A waiver of notice of the meeting was attached to each set of shareholder and director's minutes. With respect to the director's minutes, Mrs. Newcomb never signed the waiver of notice for directors meetings. Further, Mrs. Newcomb, as secretary of the corporation, never signed the minutes of the meetings in her capacity as corporate secretary.

From the evidence taken from the witness stand on April 14, 1989, it is clear to the Court that Mr. and Mrs. Newcomb encountered a deteriorating marital relationship which had an effect on the operation of the Company. This marital difficulty resulted in a separation of Mr. and Mrs. Newcomb shortly before the filing of the Chapter 11 petition for relief. However, both Mr. and Mrs. Newcomb continued to live at the property operated by the Company and known as the Osceola Mill Country Inn. The inn is situated on certain real property in Lexington, Virginia, purchased by the Newcombs as tenants by the entirety.

The Company was established to operate the inn and Mr. and Mrs. Newcomb are, along with one other employee, the individuals who operate the inn. Although Mr. and Mrs. Newcomb are separated, they continued to attempt to operate the inn by alternating weeks in which each of them is in charge of doing all of the work.

Prior to the Chapter 11 filing of the Company, there was sharp disagreement between Mr. and Mrs. Newcomb as to how the Company should be run. Just prior to the filing of the petition for relief the parties had such a disagreement over how corporate funds should be spent that they turned over the corporate checkbook to the corporation's C.P.A. so that he could monitor the expenditure of corporate funds. However, both Mr. and Mrs. Newcomb retained access to the checkbook and wrote checks from it upon approval of the corporation's C.P.A.

There appears in the Company's minute book a resolution of shareholders dated February 2, 1989, which resolution purports to authorize the president of the corporation, Paul W. Newcomb, to file a petition for relief under Chapter 11 of the Bankruptcy Code. The resolution is candid in its recitation of financial difficulties incurred by the business and domestic difficulties between Mr. and Mrs. Newcomb as being the cause of the filing of the petition. The Company argues that the resolution dated February 2, 1989, is proper and in conformity with the provisions of section 13.1–657(A) of the Virginia Code.

There also appears in the corporate minute book a meeting of the shareholders dated February 13, 1989. It is this meeting which is critical to a determination of the motion under consideration. The content of the minutes of February 13, 1989, reveals that Mr. Newcomb signed a subscrip-

tion agreement for the purchase of 1,000 shares in return for his payment of $1,000.00 in cash to the corporation. The minutes also recite that Mr. Newcomb never paid the $1,000.00 cash consideration to the Company and that stock was never issued in his name. The corporate minutes then go on to permit Mr. Newcomb to tender his cash payment, receive his corporate stock, and ratify the action of Mr. Newcomb in his capacity as president of the corporation to file the Chapter 11 petition. Finally, the corporate minutes elect directors and, for the first time, Mrs. Newcomb was not elected as a director to the corporation.

Immediately following the shareholders meeting of February 13, 1989, a directors' meeting was convened and included only Mr. Newcomb as the newly elected director. These minutes purported to ratify and confirm the actions of Mr. Newcomb in his capacity as president of the corporation in filing the Chapter 11 proceeding.

### LAW

■ The debtor relies on Code of Virginia, § 13.1-657(A) for its authorization to file the Chapter 11 petition for relief dated February 2, 1989. The Code section states, in relevant part, as follows:

(A) Action required or permitted by this Act to be taken at a shareholders' meeting may be taken without a meeting and without action by the board of directors if the action is taken by all the shareholders entitled to vote on the action.

It is clear from the evidence presented that there were no shareholders in The Old Grind Co., Inc., prior to the meeting of shareholders held on February 13, 1989. The stock ledger and copy of the stock certificate issued to Mr. Newcomb and introduced as a portion of movant's exhibit 3 show that the consideration offered by Mr. Newcomb in his subscription agreement was paid, at the earliest, on February 15, 1989.

The action of the alleged shareholder in authorizing the filing of the petition for relief was taken on February 2, 1989. However, that action was a nullity since

there was no shareholder on that date. In fact, from the organization of the corporation to February 15, 1989, there were no shareholders in the corporation. On the other hand, the initial directors had been properly designated by the Articles of Incorporation. The incorporator, Paul W. Newcomb, memorialized what purported to be an election of directors at the organizational meeting of incorporators on December 18, 1986. If one looks to either the Articles of Incorporation or to the organizational meeting of incorporators, it is clear that the directors of the corporation legally entitled to exercise authority were Paul W. Newcomb and Kathryn S. Newcomb. Their status as directors of the corporation has not changed in view of the language contained in Article III, paragraph 2, cited above. In short, since the signing of the Articles of Incorporation, no directors, other than Paul W. Newcomb and Kathryn S. Newcomb have been elected and qualified as directors of the corporation.

Code of Virginia, § 13.1-675 provides as follows:

(A) A board of directors shall consist of one or more individuals, with the number specified in or fixed in accordance with the bylaws, or if not specified in or fixed in accordance with the bylaws with the number specified in or fixed in accordance with the articles of incorporation.

The number fixed in the Articles of Incorporation of the Company is two (2). Mr. and Mrs. Newcomb are specifically named as those directors in the Articles of Incorporation. Code of Virginia, § 13.1-673(B) states as follows:

(B) All corporate powers shall be exercised by or under the authority of, and the business and affairs of the corporation managed under the direction of, its board of directors, subject to any limitations set forth in the articles of incorporation.

The Court finds no limitation of the authority of the board of directors to act in the Articles of Incorporation.

Since there was no shareholder in the Company prior to February 15, 1989, Code

of Virginia, § 13.1–657 is ineffective to assist an attempt by Mr. Newcomb, as a sole shareholder in the corporation, to authorize the filing of the petition for relief. Under the facts of this case, the authority to authorize the president of the Company to file the petition for relief rested solely with the board of directors which is comprised of Mr. and Mrs. Newcomb. Because Mrs. Newcomb did not join in the corporate resolution for the filing of the petition for relief in her capacity as a director, the resolution was ineffective and the president of the company had no authority to file the petition for relief. Since the president acted outside the scope of his corporate authority in filing the Chapter 11 petition, it must be dismissed. *See, In re Al–Wyn Food Dist. Inc.,* 8 B.R. 42 (Bankr.M.D.Fla.1980).

An appropriate order will be entered implementing this memorandum opinion.