## In re GEN–AIR PLUMBING & REMODELING, INC., Debtor.

### Bankruptcy No. 97 B 06046.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

May 19, 1997.

---

Glen E. Berman, DiTommaso & Berman, P.C., Oakbrook Terrace, IL, for Movant.

Kevin M. Brill, Patricia K. Rummer, Kevin M. Brill & Associates, Chicago, IL, for Respondent.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Teo and Denise Kawa, directors, officers, and shareholders of Gen–Air Plumbing & Remodeling, Inc., to dismiss this Chapter 11 petition. For the reasons set forth herein, the Court grants the motion and dismisses the petition under 11 U.S.C. § 1112(b). Further, the motion to employ the law firm of Kevin M. Brill & Associates as attorneys for Gen–Air Plumbing & Remodeling, Inc. is denied. In addition, the Court grants the motion of Teo and Denise Kawa to remand the corporate dissolution proceeding (Adversary Proceeding 97 A 00476) back to the Circuit Court of DuPage County, Illinois pursuant to 28 U.S.C. § 1452(b). Finally, the Court abstains from ruling on the motion to disqualify the law firm of DiTommaso & Berman, P.C. under 28 U.S.C. § 1334(c)(1).

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTS AND BACKGROUND

Teo and Denise Kawa collectively own 50% of the stock in, and are both directors of, Gen–Air Plumbing & Remodeling, Inc. ("Gen–Air") an Illinois corporation. See Kawas' Exhibit No. 10. Teo Kawa is vice president of Gen–Air and Denise Kawa its treasurer. Id. The remaining 50% shareholder, Ellyn Schwartz, its secretary, who along with her spouse Irving Schwartz, its president, comprise the other two of Gen–Air's four officers. Id. The Kawas and Ellyn are the three Gen–Air directors. Id. In 1993, Gen–Air was created when the Kawas and Schwartzes combined their respective businesses, General Building Services Corporation and Bel–Air Plumbing resulting in the incorporation of Gen–Air under the Illinois Business Corporation Act of 1983 (805 ILCS 5/1.01 et seq.) Id.

In June 1996, disputes between the shareholders, officers, and directors escalated to a point where the parties could no longer operate the business together and an undisputed deadlock ensued which persists to date. In July 1996, after much squabbling between the Kawas and Schwartzes, (the details and relative merits are not relevant for purposes of this decision) the Kawas filed a proceeding in the Circuit Court of DuPage County, Illinois (the "state court") to dissolve Gen–Air. See Kawas' Exhibit No. 9. Thereafter, the Kawas sought the appointment of a receiver. On July 29, 1996, the state court appointed Brian McKillip receiver (the "Receiver") of Gen–Air. See Exhibit 5 to Gen–Air's Response to Motion to Dismiss and Motion to Remand Removed Proceedings. Specifically,

in appointing the Receiver, the state court noted:

> [The receiver] is to be appointed as independent administrator to represent the interests of the corporation and to resolve deadlock disputes. He is authorized to conduct whatever he deems necessary to run this business, to consult with the owners and to cooperate with them to the best of his ability. To enter upon the premises, to authorize other persons to enter on the premises, to obtain all books, records, including the mail of the corporation.

*Id.* at 6–7. The state court has entered subsequent orders directing the Receiver to auction assets of Gen–Air, among other matters. *See* Kawas' Exhibit No. 8.

On February 27, 1997, a voluntary Chapter 11 petition was filed purportedly on behalf of Gen–Air and signed by Ellyn Schwartz. She is obviously unhappy with the results of the state court proceedings and thus instituted the petition here. It is undisputed that Gen–Air's board of directors did not authorize Ellyn Schwartz to act on its behalf or sign any documents on behalf of the corporation thereby authorizing it to file a bankruptcy petition. There was no meeting by the board of directors authorizing the filing of a bankruptcy petition on behalf of Gen–Air, nor was there a unanimous action of the then deadlocked board of directors that would authorize the Chapter 11 filing. The Kawas did not approve of Gen–Air filing bankruptcy nor did they have any prior knowledge of the filing until receiving notice thereof. Further, the Kawas never agreed to the retention of the law firm of Kevin M. Brill & Associates to represent Gen–Air in any capacity, including the bankruptcy filing. Consequently, the Kawas seek to dismiss this petition as an unauthorized filing. They object to the retention of Kevin M. Brill & Associates as attorneys for Gen–Air and they seek to have the removed corporate dissolution action remanded back to the state court.

Gen–Air and Ellyn Schwartz argue that the petition should not be dismissed because Ellyn Schwartz, by virtue of being an officer, director and shareholder of Gen–Air, is a fiduciary, and as such, was "required" to file the instant Chapter 11 petition. According to Ellyn Schwartz, she was faced with a breach of fiduciary duty by Teo Kawa, the conversion by the Kawas of corporate assets, and breach of fiduciary duty by the Receiver. Moreover, on the day of trial on the motion to dismiss, Ellyn Schwartz presented a motion to disqualify the law firm of DiTommaso & Berman, P.C. from representing the Kawas on the basis that one of its principals, Glen Berman, previously represented Ellyn Schwartz, incorporated Gen–Air, and served as its registered agent. DiTommaso & Berman counter that there is no disqualifying conflict and that by waiting until this point there has been an effective waiver of the alleged disqualification.

The alleged pre-petition and post-petition wrongful acts and omissions of the parties are argued and debated at length in their papers. The parties' arguments along those lines are to no avail because those acts are immaterial to the ultimate and threshold issue which the Court must decide: whether or not the Chapter 11 petition filed by Ellyn Schwartz purportedly on behalf of Gen–Air should be dismissed because it was not authorized by Gen–Air's board of directors or ratified by the Kawas.

On April 8, 1997, the Court entered a Prehearing Order setting the motion to dismiss for trial on May 15, 1997. That Prehearing Order was served on the parties on April 9, 1997. It required the parties to perform the following requirements at least seven days prior to the hearing date: (1) file with the Court copies of all exhibits they intend to introduce into evidence; (2) file with the Court the names of all witnesses they intend to present at trial, together with a brief summary of the area of testimony each witness will present; (3) complete discovery; (4) file objections to the exhibits or witnesses within two days of the trial date; and (5) submit to the Court within two days of the hearing proposed detailed findings of fact and conclusions of law and have any other related motions filed and briefed. The Prehearing Order also provided for sanctions for failure to comply with the terms thereof. Several possible sanctions including barring exhibits and witnesses were enumerated, but were not inclusive. The parties complied

with the Prehearing Order in part, but failed to timely designate any witnesses or provide a brief summary of their anticipated testimony. Rather, counsel for the Schwartzes belatedly filed a witness list, summary of the testimony, and several exhibits the day before trial.

Pursuant to Federal Rules of Bankruptcy Procedure 7016 and 7037 and Federal Rules of Civil Procedure 16(f) and 37(b)(2)(B) and (C), as a sanction for failure to comply with that Prehearing Order, the Court barred the testimony of any and all witnesses. *See also In re Maurice*, 21 F.3d 767 (7th Cir.1994). Further, under Local Bankruptcy Rule 402(O) and the exercise of the Court's discretion, the Court did not allow the parties to make oral arguments. Hence, the matters were taken under advisement based upon the filed papers and proffered exhibits.

### III. *DISCUSSION*

#### A. *Whether the Court should grant the motion to dismiss the Chapter 11 petition*

■ Section 1112(b) of the Bankruptcy Code lists a number of non-exclusive grounds for dismissal or conversion of a Chapter 11 case. *See* 11 U.S.C. § 1112(b). The case at bar involves one of the non-enumerated grounds: alleged lack of proper corporate authority or an ultra vires act by a corporate agent. The authority to file a bankruptcy petition on behalf of a corporation must derive from state corporate governance law, *Keenihan v. Heritage Press, Inc.*, 19 F.3d 1255, 1258 (8th Cir.1994) (citing *Price v. Gurney*, 324 U.S. 100, 106, 65 S.Ct. 513, 516, 89 L.Ed. 776 (1945)); *Hager v. Gibson*, 188 B.R. 194, 197 (E.D.Va.1995), *aff'd*, 108 F.3d 35 (4th Cir.1997), *aff'd in part, rev'd in part*, 109 F.3d 201 (4th Cir.1997); *In re American Globus Corp.*, 195 B.R. 263, 265 (Bankr. S.D.N.Y.1996), and the corporate by-laws. *In re Milestone Educ. Inst., Inc.*, 167 B.R. 716, 720 (Bankr.D.Mass.1994). Thus, Illinois law is applicable to determine whether Ellyn Schwartz had the authority to file a voluntary petition on behalf of Gen–Air. The Illinois Business Corporation Act of 1983 provides that "the business and affairs of the corporation shall be managed by or under the direction of the board of directors." *See* 805 ILCS 5/8.05(a). The power to file a voluntary petition in bankruptcy on behalf of an Illinois corporation, like many other states, rests with its board of directors. *See Dearborn Process Serv., Inc. v. Storner (In re Dearborn Process Serv., Inc.)*, 149 B.R. 872, 878 (Bankr.N.D.Ill.1993) (citation omitted). *Accord In re Giggles Restaurant, Inc.*, 103 B.R. 549, 553 (Bankr.D.N.J.1989) (New Jersey law); *Winter v. BelAire Invs., Inc. (In re Bel–Aire Invs., Inc.)*, 97 B.R. 88, 89–90 (Bankr.M.D.Fla.1989) (under Florida state law a resolution of the board of directors is necessary to initiate a voluntary case for a corporate debtor; the president lacks authority to institute a case on his own); *In re The Old Grind Co., Inc.*, 99 B.R. 317, 319–20 (Bankr.W.D.Va.1989) (same pursuant to Virginia law). *See generally* 1 T. Salerno, C. Hansen and G. Meyer, *Advanced Chapter 11 Bankruptcy Practice* § 4.7 at 188–89 (2d ed. 1995) (collecting cases); 1 R. Ginsberg and R. Martin, *Ginsberg & Martin on Bankruptcy* § 2.02[A] at 2–7—2–8 (4th ed. 1995) (collecting cases).

■ In *Dearborn Process*, Judge Schmetterer, applying Illinois law, held that "in the absence of corporate by-laws to the contrary, a corporation may only file a voluntary petition filed pursuant to a resolution passed at a board meeting by the majority of directors present." 149 B.R. at 878. Even if proper corporate governance has not been followed, however, the defect can be cured by subsequent ratification or acquiescence by the directors. *Id.* at 878–79. Lacking such proper authorization results in the conclusion that the filing by Ellyn Schwartz as the corporation's secretary, 50% shareholder, and one of its directors is ultra vires.

■ Moreover, Illinois law provides that when a receiver is appointed, the functions of the corporation's managers and officers are suspended and the receiver stands in their place. *See Prairie States Petroleum Co. v. Universal Oil Sales Corp.*, 88 Ill.App.3d 753, 759, 43 Ill.Dec. 875, 879, 410 N.E.2d 1008, 1012 (1st Dist.1980) (citation omitted); *see also* 19 C.J.S. *Corporations* § 779 (1990) ("insofar as the appointment of a receiver vests

the right to control the corporate property, it is obvious that the directors and officers of the corporation are, by the appointment, deprived of authority over or control thereof, and this result follows where the order appointing the receiver expressly restrains the corporation and its officers from exercising any of the privileges and franchises of the corporation until the further order of the court") (footnotes omitted). Courts in other jurisdictions in cases not involving Illinois corporate law have held, however, that the appointment of a receiver does not deprive the corporate directors of the power to file a bankruptcy petition. *See, e.g., In re Prudence Co.,* 79 F.2d 77, 80 (2d Cir.), *cert. denied,* 296 U.S. 646, 56 S.Ct. 247, 248, 80 L.Ed. 459 (1935); *Struthers Furnace Co. v. Grant,* 30 F.2d 576, 577 (6th Cir.1929); *Milestone,* 167 B.R. at 720. In this matter, the Court believes the better and proper view is that stated by the persuasive dictum in *Prairie States Petroleum* which applied Illinois law.

■ The Court finds that Ellyn Schwartz in her various capacities as a 50% shareholder, corporate officer, and one of the three directors of Gen–Air lacked proper authority under Illinois corporate law and in light of the appointment of the Receiver to unilaterally file the instant petition. Pursuant to Illinois law, cited in *Dearborn Process, supra* and the furnished corporate charter and bylaws of Gen–Air, either a resolution passed at a proper board meeting by the majority of directors present could place the corporation into bankruptcy or by action to that effect by the Receiver. Undisputedly, neither event took place. Significantly, there has been no subsequent ratification or acquiescence by the objecting directors, the Kawas. Consequently, the Court hereby grants the motion to dismiss the petition. Dismissal is especially appropriate in light of the undisputed deadlock among the shareholders and directors which brought Gen–Air's operations to a virtual standstill and led the state court to appoint the Receiver in order to resolve the deadlock and deal with Gen–Air's assets and liabilities under the Illinois Business Corporation Act of 1983 under which Gen–Air's affairs can be supervised by the state court.

■ Ellyn Schwartz argues that as a fiduciary of Gen–Air she was required to file the instant petition. She cites to several Illinois cases for the proposition that as an oppressed shareholder, she had the right to seek a judicial remedy, namely the filing of the instant petition. The Court finds her argument unpersuasive and the case law she cites distinguishable. The concept of oppressiveness as a ground for corporate dissolution, liquidation, and windup of affairs is available as a remedy under Illinois case law and the Illinois Business Corporation Act of 1983 to aggrieved shareholders, but that does not displace the requirement under the general rule emerging under federal bankruptcy case law cited above that the board of directors of an Illinois corporation by majority vote must first authorize the filing of a voluntary petition in bankruptcy on behalf of that corporation before that can properly occur. Her reliance on that line of Illinois cases is misplaced because those cases are inapposite and not controlling.

In addition, the Court notes that the instant petition and the Schwartzes' response to the pending motion to dismiss are a thinly disguised collateral attack on the state court's appointment of the Receiver and other subsequent orders it has entered in the corporation dissolution proceeding. The state court is a trial court of general jurisdiction and is extremely competent and capable of dealing with the contested corporate dissolution proceeding of Gen–Air. The bankruptcy court is not the proper forum to collaterally attack any actions of the state court. *See* 28 U.S.C. § 1738. The Rooker–Feldman doctrine makes it clear that the decisions of state courts may not be reviewed by the lower federal courts. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 1311–12, 75 L.Ed.2d 206 (1983); *Levin v. Attorney Registration and Disciplinary Comm'n of the Supreme Court of Illinois,* 74 F.3d 763, 766 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 2553, 135 L.Ed.2d 1072 (1996). "Inferior federal judges lack jurisdiction to review the judg-

ments of state courts, which are open to question, if at all, only in the Supreme Court of the United States under 28 U.S.C. § 1257." *Homola v. McNamara,* 59 F.3d 647, 650 (7th Cir.1995). Rather, the Illinois appellate courts can remedy any reversible error allegedly committed by the state trial court. In fact, the Illinois Appellate Court affirmed the appointment of the Receiver. *See* Kawas' Exhibit No. 2. Thus, this Court will not further address the parties' arguments with respect to the propriety of the appointment of the Receiver or any of the events which allegedly led to his appointment.

### B. *Whether the Court should remand the removed corporate dissolution proceeding back to the state court*

■ Next, the Court will address the motion to remand. The Kawas seek to remand the removed corporate dissolution proceeding back to the state court pursuant to 28 U.S.C. § 1452(b). Section 1452(b) provides in relevant part that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). *See, e.g., Baxter Healthcare Corp. v. Hemex Liquidation Trust,* 132 B.R. 863, 867–68 (N.D.Ill.1991) (remanded to avoid duplication of judicial resources). Courts must consider various factors in determining whether to remand under § 1452(b), including:

(1) duplicative and uneconomical effort of judicial resources in two forums;

(2) prejudice to the involuntarily removed parties:

(3) forum non conveniens;

(4) a holding that a state court is better able to respond to a suit involving questions of state law;

(5) comity considerations;

(6) lessened possibility of an inconsistent result; and

(7) the expertise of the first court.

*See Artra Group, Inc. v. Salomon Bros. Holding Co., Inc. (In re Emerald Acquisition Corp.),* 170 B.R. 632, 645 (Bankr.N.D.Ill. 1994) (citing *Brizzolara v. Fisher Pen Co.,* 158 B.R. 761, 772 (Bankr.N.D.Ill.1993)).

■ Most of these factors are present here, especially the first, second, fourth, fifth and seventh. Prior to the filing of the Chapter 11 petition, the state court conducted a hearing in which it determined that a receiver should be appointed. That decision was subsequently appealed and affirmed by the Illinois Appellate Court. *See* Kawas' Exhibit No. 2. Although this Court is somewhat familiar with the dispute between the Kawas and the Schwartzes, the state court is far more familiar with the dispute as a result of having heard evidence relative to the dispute. In order to rule on the appointment of the Receiver, the state court was apprised of the general nature of the dispute. A duplicative and uneconomical effort of judicial resources would be expended for this Court to become familiar with the circumstances surrounding and leading up to the filing of the corporate dissolution proceeding.

Furthermore, most of the material issues between the Kawas, the Schwartzes, and the Receiver involve purely state law and do not involve any question of federal bankruptcy law. The state court is familiar with Illinois corporate governance law and allowing that court to resolve these issues will lessen the possibility of inconsistent results. The state court has already appointed the Receiver and has heard numerous motions and entered various orders. *See* Kawas' Exhibit Nos. 3–8. For this Court to continue to exercise its limited jurisdiction now on an ultra vires corporate bankruptcy petition would ignore the interest of comity between the federal and state systems, and disserve the notion of economy of scarce judicial resources. These equitable considerations weigh heavily in favor of remand. The Court therefore grants the motion of Teo and Denise Kawa to remand the corporate dissolution proceeding (Adversary Proceeding 97 A 00476) back to the Circuit Court of DuPage County, Illinois in light of the dismissal of the bankruptcy petition.

### C. *Whether the Court should authorize the retention of the law firm of Kevin M. Brill & Associates as attorneys for Gen–Air*

■ The motion to employ the law firm of Kevin M. Brill & Associates as attorneys

for Gen–Air is denied as unauthorized by Gen–Air. Simple logic dictates that absent an authorizing provision in a corporation's charter, by-laws or a binding shareholder agreement, the majority of a corporation's board of directors must also agree to hire lawyers to represent the corporation in an authorized bankruptcy case. It is undisputed that the Kawas never agreed to the retention of Kevin M. Brill & Associates to represent Gen–Air in any capacity. As with the filing of the instant petition, Ellyn Schwartz, the firm's real client, lacked the authority to hire an attorney to represent Gen–Air in the bankruptcy filing. *See generally* 19 C.J.S. *Corporations* § 619 at 261–62 (1990) (collecting cases). Accordingly, the application to retain the law firm of Kevin M. Brill & Associates must be denied.

**D. Whether the Court should disqualify the law firm of DiTommaso & Berman, P.C.**

On the morning of the date of the scheduled trial, Ellyn Schwartz presented a motion to disqualify the law firm of DiTommaso & Berman, P.C. from representing the Kawas on the basis that one of its principals, Glen Berman, previously represented Ellyn Schwartz, incorporated Gen–Air, and served as its registered agent.

 The Court has the power to sua sponte abstain from hearing a matter. *See Pustell v. Lynn Public Schools*, 18 F.3d 50, 51 n. 1 (1st Cir.1994) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10, 96 S.Ct. 2857, 2864 n. 10, 49 L.Ed.2d 844 (1976)); *In re World Fin. Servs. Center, Inc.*, 81 B.R. 33, 39 (Bankr. S.D.Cal.1987) (citation omitted). In general, abstention is "an extraordinary and narrow exception to the duty of [the federal courts] to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Abstention is the exception rather than the rule. *In re Chicago, Milwaukee, St. Paul & Pacific R. Co.*, 6 F.3d 1184, 1189 (7th Cir.1993). Discretionary abstention under 28 § 1334(c)(1) warrants abstention in the interest of justice, or comity, or out of respect for state law. *Carlson v. Attorney Registration*

*and Disciplinary Comm'n of the Supreme Court of Illinois (In re Carlson)*, 202 B.R. 946, 949 (Bankr.N.D.Ill.1996) (citation omitted). The Seventh Circuit has identified twelve factors to be applied flexibly when determining permissive abstention, with no one factor being determinative:

> (1) the effect on the efficient administration of the estate, (2) the predomination of state law over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related court proceeding, (5) the jurisdictional basis outside of 28 U.S.C. § 1334, (6) the relationship of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters, (9) the burden of the bankruptcy court's docket, (10) the likelihood of forum shopping, (11) the right to a jury trial, and (12) the presence of non-debtor parties.

*Chicago, Milwaukee*, 6 F.3d at 1189.

 In evaluating the above criteria for permissive abstention, the Court concludes, on balance, that abstention is appropriate. The bankruptcy petition should be dismissed and the removed corporate dissolution proceeding shall be remanded back to the state court. Thus, the Court will exercise its better discretion to abstain on the disqualification motion. The state court can rule on the merits thereof along with the other disputes between the Schwartzes, the Kawas, and the Receiver.

 Moreover, the Court notes that the filing of the motion to disqualify on the day of trial was obviously intended as a dilatory tactic. The Court finds it outrageous and inexcusable for an attorney to wait until the day of trial to file a motion to disqualify opposing counsel when the grounds for such motion have been known from the beginning of the case. Such blatant and untimely action merits no further discussion here especially in light of the resulting dismissal of the bankruptcy case and remand of the corporate dissolution action back to the state court.

## IV. *CONCLUSION*

For the foregoing reasons, the Court grants the motion to dismiss the petition under 11 U.S.C. § 1112(b). Further, the motion to employ Kevin M. Brill & Associates as attorneys for Gen–Air is denied. In addition, the Court remands the corporate dissolution proceeding (Adversary Proceeding 97 A 00476) back to the Circuit Court of DuPage County, Illinois pursuant to 28 U.S.C. § 1452(b). Finally, the Court abstains from ruling on the motion to disqualify the law firm of DiTommaso & Berman, P.C. under 28 U.S.C. § 1334(c)(1).

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. Separate orders shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.