**In re ELGIN'S PAINT & BODY SHOP, INC., Debtor.**

**Grace Kelly, Plaintiff,**

v.

**Elgin's Paint & Body Shop and Ralph C. McCullough, II, Defendants.**

Civ.A.No. 99–01982–W.
Adversary No. 99–80264–W.

United States Bankruptcy Court, D. South Carolina.

Jan. 28, 2000.

Stephen Jahue Moore, West Columbia, SC, for Plaintiff.

William Thomas Vernon, Columbia, SC, for Elgin's Paint & Body Shop.

Janet B. Haigler, Columbia, SC, for Ralph C. McCullough, II.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court as an adversary proceeding filed by Grace Kelly ("Plaintiff") on July 23, 1999. The Complaint seeks the denial of discharge and further seeks the dismissal of the bankruptcy case on the basis that the filing of the voluntary petition by the corporation through one of its officers, Donnie A. Elgin, Sr., was *ultra vires*. By order of this Court entered December 8, 1999, the issue of whether Debtor was entitled to a discharge pursuant to 11 U.S.C. § 727 was mooted by the parties' agreement that a corporation is not entitled to discharge. As to the other allegations set forth in the Complaint in regard to the dismissal of the bankruptcy case, a dispositive hearing was scheduled before the Court and such allegations are the subject of this Order.

Elgin's Paint and Body Shop, Inc. ("Debtor") is a lawfully existing entity incorporated under the laws of South Carolina on or about March 19, 1986. In 1987, Grace Kelly ("Plaintiff") began working for Debtor and became romantically involved with Donald A. Elgin, Debtor's President. On June 15, 1989, Debtor and Plaintiff entered into an agreement whereby Plaintiff was to pay Debtor $75,000 in exchange for half of the shares of the stock currently issued to Donald A. Elgin which represented one-half of the assets of the corporation. According to the official certificate book of the corporation, there was a third shareholder. The corporate book, in fact, indicates that on September 21, 1988, 500 shares were issued to Claude R. Rogers. Debtor was operated informally and the corporate records do not reflect that Plaintiff was appointed as secretary of the corporation, as testified at trial. Furthermore, even though testimony at trial indicated that Claude R. Rogers was later appointed to the Board of Directors, the corporate records reflect that

Donald A. Elgin was the only director of Debtor.

Plaintiff filed a Complaint seeking dismissal of the voluntary petition filed by Donald A. Elgin on behalf of Debtor because Plaintiff claims Donald A. Elgin's decision to file the bankruptcy petition was a unilateral decision which was not consented to by the rest of the Board of Directors. " '[T]he initiation of the [bankruptcy] proceedings, like the run of the corporate activities, is left to the corporation itself, *i.e.* to those who have the power of management.' The determination of who has the power of management is governed by state law." *In re Stavola/Manson Electric Co.*, 94 B.R. 21, 24 (Bankr. D.Conn.1988) (quoting *Price v. Gurney*, 324 U.S. 100, 104, 65 S.Ct. 513, 89 L.Ed. 776 (1945)). The South Carolina Business Corporation Act provides that unless the articles of incorporation or a shareholders' agreement provides otherwise, "all corporate powers must be exercised by or under the authority of, and the business and affairs of a corporation must be managed under the direction of, a board of directors." S.C. CODE ANN. § 33–8–101 (Law.Co-op., 1976).[1] The filing of a bankruptcy petition is "a special act requiring special authorization and not a general duty of an officer." *In re Al–Wyn Food Dist., Inc.*, 8 B.R. 42, 43 (Bankr.M.D.Fla. 1980). In this case, neither the Articles of Incorporation nor the bylaws contain any authorization for the president, Donald A. Elgin, to file a petition, nor was there a shareholder's Agreement granting Donald A. Elgin such authority. Furthermore, no evidence was presented before this Court indicating that Donald A. Elgin's filing was ratified by the other Director, as permitted by S.C.Code Ann. § 33–8–210.[2]

Therefore, Donald A. Elgin's unilateral decision to file a voluntary petition for Debtor was an unauthorized corporate act.

In this case, the Trustee has collected assets which have been liquidated. This Court reserves jurisdiction to consider the application of such funds, including but not limited to the Application by Trustee for Compensation filed with the Court on January 18, 2000. Those issues pertaining to the application of funds will be resolved by further order of the Court. It is therefore,,

ORDERED that this bankruptcy case is dismissed.

IT IS FURTHER ORDERED that the Court reserves jurisdiction to consider the application of the funds received from the liquidation of the bankruptcy estate.

**AND IT IS SO ORDERED.**

---

1. Debtor's Bylaws further provides that "[t]he business and affairs of the corporation shall be managed by its Board of Directors, which shall be invested with all corporate powers not expressly reserved by statute, the Articles of Incorporation, the Bylaws, or by agreement among the shareholders."

2. Section 33–8–210 provides that "[u]nless the articles of incorporation or bylaws provide otherwise, action required or permitted by Chapter 1 through 20 of this Title to be taken at a board of directors' meeting may be taken without a meeting if the action is assented to by all members of the board." S.C. CODE ANN. § 33–8–210 (Law.Co-op.1976).