910 So.2d 363 (2005)
Rae Ann CAMPELLONE, et al, Petitioners,
v.
Michael CRAGAN, etc., Respondent.
No. 5D05-1042.
District Court of Appeal of Florida, Fifth District.
September 16, 2005.
*364 Kenneth L. Mann, of Kenneth L. Mann, P.A., Orlando, for Petitioners.
A. Brian Phillips, of Ruden, McClosky, Smith, Schuster & Russell, P.A., Orlando, and John H. Pelzer, of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Respondent.
GRIFFIN, J.
Petitioner Rae Ann Campellone ["Campellone"], seeks certiorari review of an order disqualifying her counsel, Kenneth L. Mann, Esq. and Kenneth L. Mann, P.A. ["Mann"]. The underlying litigation resulted from the breakup of three entities: Cragan Campellone and Associates, Inc.; Crate Cart and Assemble, LLC; and Pacific Construction and Design Group, LLC. ["entities"]. Campellone and Cragan were shareholders of 51% and 49%, respectively, of all entities.
The litigation involves both direct claims and derivative claims. In November 2003, Cragan filed a verified complaint against Campellone and named the entities as nominal defendants. The complaint seeks direct and derivative relief against Campellone, claiming embezzlement, misappropriation of corporate assets and opportunities, breaches of fiduciary duty, and battery.
In January 2004, after Mann appeared as counsel of record for both Campellone and the entities, Cragan filed a motion to disqualify Mann as counsel for all of the defendants on the ground that the representation violated Rules 4-1.13 and 4-1.7 of the Rules Regulating the Florida Bar. After several evidentiary hearings, the circuit judge disqualified Mann.
Rule Regulating Fla. Bar 4-1.13 directly addresses the issue of dual representation of an organization and a corporate constituent. A lawyer representing an organization may also represent its constituents subject to the provisions of Rule Regulating Florida Bar 4-1.7. The comments to Rule 4-1.13 observe that most derivative actions are a normal incident of an organization's affairs, to be defended by the organization's lawyer like any other suit. If a conflict of interest arises, however, and the plaintiff's claim involves serious charges of wrongdoing by those in control of the organization, joint representation should not continue.
Here, the trial court noted that Cragan's third amended complaint alleged injury incurred by the entities because of Campellone's misappropriation of corporate funds, employees, assets and opportunities. Although the circuit court found that the disintegration of the personal relationship between Campellone and Cragan had contributed to the litigation, because the complaint alleged serious wrongdoing by Campellone injurious to the entities, the court concluded that Mann could not represent them. The court found that the interests of Campellone and the interests of the corporate entities were not aligned under any construction of the alleged facts, and observed that there would be no benefit to the corporate entities to align themselves with Campellone in this litigation.
*365 Campellone insisted that Cragan's allegations were bogus, and the trial court recognized that the disqualification of corporate counsel from representing individual defendants may be avoided if the derivative action is patently frivolous, the degree of participation of the corporation in defending the action is very low, or if the allegations against the individual defendants involve mismanagement rather than fraud, intentional misconduct or self-dealing. The trial court found, however, that the allegations in the verified complaint were sufficient for purposes of the disqualification motion even though Campellone's position might subsequently be validated. The court also noted that Cragan and Campellone are the only ones within the entities who could consent to the dual representation, but Campellone is the individual who is represented and Cragan does not consent to Mann's representation of the entities.
Finally, the trial court decided that because Mann, through his dual representation, had access to information regarding the entities that could give Campellone an unfair advantage in the derivative suit, the court disqualified him from representing either Campellone or the corporation.
The trial court found no Florida cases directly on point, but relied on cases from other jurisdictions in which similar issues have been addressed and corporate counsel in the derivative actions were disqualified. See, e.g., Rogers ex rel. Bankruptcy Estate of Ackley v. Virgin Land Inc., 1996 WL 493174 (V.I. May 13, 1996); Musheno v. Gensemer, 897 F.Supp. 833 (M.D.Pa. 1995); In re Oracle Sec. Litig., 829 F.Supp. 1176 (N.D.Cal.1993); Messing v. FDI, Inc., 439 F.Supp. 776 (D.N.J.1977); Lewis v. Shaffer Stores Co., 218 F.Supp. 238 (S.D.N.Y.1963); Forrest v. Baeza, 58 Cal.App.4th 65, 67 Cal.Rptr.2d 857 (Cal. App.1997); Lower v. Lanark Mut. Fire Ins. Co., 114 Ill.App.3d 462, 70 Ill.Dec. 62, 448 N.E.2d 940 (1983); Rowen v. LeMars Mut. Ins. Co., 230 N.W.2d 905 (Iowa 1975); Tydings v. Berk Enter., 80 Md.App. 634, 565 A.2d 390 (1989).
We find no abuse of discretion in the decision to disqualify Mann from representing the corporations. Nor did the trial court err in concluding that Campellone cannot consent on behalf of the entities to the dual representation. See Forrest v. Baeza, supra, 58 Cal.App.4th at 76, 67 Cal.Rptr.2d 857.
The trial court did abuse its discretion, however, in ruling that Mann could not represent Campellone. Rule Regulating Florida Bar 4-1.9(a) is difficult to apply to derivative actions or to the present facts. Here, attorney Mann did not accept Campellone as a new client after representing the entities, he simply wishes to continue his representation of Campellone after being forced to withdraw from his representation of the entities in a derivative law suit. It appears from the record that Mann became corporate counsel in 2003 when the entities were for all practical purposes defunct. Campellone testified that she retained Mann to "shut down the companies." Here, even if Campellone were forced to hire new counsel, he or she would be privy to the same information that Mann would have from his communications with Campellone.
The implied basis for the complete removal of Mann from the litigation was the court's finding that Mann had access to financial and other information that would give Campellone an "unfair advantage" over Cragan in the derivative action, but the "unfairness" is not apparent. Nor is it clear that any information in this context could be confidential.
*366 We grant the petition in part only and quash the portion of the order that prohibits Mann's representation of Campellone.
PETITION granted in part; QUASHED in part.
PLEUS, C.J., and TORPY, J., concur.