# Third District Court of Appeal

## State of Florida

Opinion filed June 29, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1315
Lower Tribunal No. 20-7881
_____

**FlexFunds Holdings, LLC, et al.,**
Appellants,

vs.

**Mario Rivero, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Trenam, Kemker, Scharf, Barkin, Frye, O'Neil & Mullis, P.A., and Eric S. Koenig (Tampa), and Bradley A. Muhs (St. Petersburg), for appellants.

Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks; Almazan Law, and Daniel A. Espinosa, for appellee Mario Rivero.

Before FERNANDEZ, C.J., and LINDSEY, and HENDON, JJ.

LINDSEY, J.

Appellants FlexFunds Holdings, LLC; FlexFunds Ltd.; and FlexFunds ETP, LLC (collectively, "FlexFunds Holdings")[1] (Plaintiffs/Counter-Defendants below) appeal a nonfinal order disqualifying their counsel, Eric S. Koenig, Esq. ("Lawyer Koenig") and his firm Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A. ("Trenam Law"). For the reasons set forth below, we affirm.

## I.    BACKGROUND

FlexFunds Holdings is a private equity firm with two members: Jose Carlos Gonzalez ("Gonzalez") and Mario Rivero ("Rivero"). Gonzalez owns 75% and Rivero owns 25%. Rivero served as FlexFunds Holdings' CEO. Beginning in 2018, Gonzalez and Rivero began to have disagreements over their business relationship. In January of 2020, Gonzalez terminated Rivero from his position as CEO of FlexFunds Holdings.

In April of 2020, FlexFunds Holdings sued Rivero. Lawyer Koenig and his firm, Trenam Law, filed the suit on behalf of FlexFunds Holdings alleging, in part, breach of fiduciary duty, conversion, fraud, and civil theft. Notably, Lawyer Koenig and Trenam Law previously represented FlexFunds Holdings on unrelated litigation while Rivero was employed there.

---

[1] FlexFunds Holdings, LLC owns the entirety of its subsidiaries, FlexFunds Ltd. and FlexFunds ETP, LLC.

In response to the pending complaint, Rivero filed a counterclaim and third-party complaint against FlexFunds Holdings and against Gonzalez and his independently owned businesses: GWM Group, Inc.; GWM Ltd.; FlexInvest, Inc.; FlexAdvisor, LLC; and Leverage Shares, PLC (collectively, the "Gonzalez Entities") alleging derivative claims for breach of fiduciary duty; shareholder oppression; unjust enrichment; equitable accounting; breach of contract; violation of the Deceptive and Unfair Trade Practices Act; injunctive relief; tortious interference with business relations; slander per se; and libel per se. Rivero brought these derivative claims on behalf of FlexFunds Holdings.

With Rivero's derivative claims on behalf of the FlexFunds Holdings pending, Lawyer Koenig and Trenam Law filed a motion to dismiss Rivero's counterclaim and third-party complaint on behalf of FlexFunds Holdings, Gonzalez, and the Gonzalez Entities. After discovering Lawyer Koenig and Trenam Law were representing Gonzalez and the Gonzalez Entities–in addition to FlexFunds Holdings–Rivero moved to disqualify Lawyer Koenig and Trenam Law from representing any of the entities in the litigation.

The trial court conducted an evidentiary hearing on the motion to disqualify. Thereafter, the trial court entered an order granting Rivero's motion in its entirety disqualifying Lawyer Koenig and Trenam Law from

3

representing FlexFunds Holdings, Gonzalez, and the Gonzalez Entities. Specifically, the trial court found Rivero's uncontroverted testimony credible as to the following:

> (a) he was terminated in defamatory fashion by Mr. Gonzalez on January 2, 2020, in front of three (3) individuals where he was called a criminal and a thief; (b) he was immediately denied access to his computer, company files, and accounts; (c) he sent a demand letter, by and through his counsel, for approximately $2,000,000 on February 14, 2020 to the Respondents; (d) FlexFunds' first counsel agreed to mediate in March 2021 and then FlexFunds cancelled on the eve of mediation; (e) approximately two months after his demand letter, FlexFunds filed suit against him on April 6, 2020, and there was an informal stay between the parties from July 30, 2020, through September 29, 2020, which is when Rivero filed his Answer and Counterclaim; (f) the parties negotiated a settlement from September 29, 2020 through December 8, 2020 to narrow the parties in the case and agreed to litigate all claims between them in the same case; (g) he was aware Attorney Koenig was representing only FlexFunds Holdings in the suit on April 6, 2020, against him; and (h) he does not, and he never has, consented to Attorney Erik Koenig and Trenam Law representing FlexFunds and the Respondents.

At the conclusion of the hearing, Lawyer Koenig asked the trial court to clarify its ruling and the following question and answer took place:

> MR. KOENIG: Your Honor, I just have a brief question . . . . Is it part of your ruling that under the Rule of Professional Responsibility [sic], that Rivero must consent to whatever law firm or attorney is

4

going to represent FlexFunds even in the case where FlexFunds is suing him?

THE COURT: And I'm glad you asked that because I do find, yes, under [4-1.13] that because he's clearly testified that he did not consent to the representation, that is required, and the testimony is that he did not do so. So, yes . . . .

In its order, the trial court found complete disqualification was mandated by Rules 4-1.7, 4-1.10, and 4-1.13 of the Rules Regulating the Florida Bar, as well as the Fifth District's holding in <u>Campellone v. Cragan</u>, 910 So. 2d 363 (Fla. 5th DCA 2005).

FlexFunds Holdings moved for reconsideration, challenging only the disqualification with respect to FlexFunds Holdings. The trial court denied reconsideration, but at the hearing on FlexFunds Holdings' motion, the trial court further clarified its ruling, explaining:

TRIAL COURT: [I]f there's any clarification is necessary, here it is. Your firm and yourself cannot continue representing FlexFunds. I believe that FlexFunds was your first –the client you represented initially, then individually you had Mr. Gonzalez whom you represented, Mr. Gonzalez's companies you also represented. And then all the parties, their interest are directly adverse to Mr. Rivero, so – and the clients you currently represent are adverse.

So because that requires consent of Mr. Rivero, and you don't have consent, for those reasons under the rules you cannot continue to represent the parties.

5

Also, I don't think that it means that at some point there would be another firm that would be able to step in. Because as I said, and as [Mr. Rivero] made a point, it won't require consent from Mr. Rivero if he has no relationship with whatever firm comes into step in to represent [FlexFunds].

FlexFunds Holdings timely appealed. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(E).

## II.   STANDARD OF REVIEW

"The standard of review for orders entered on motions to disqualify counsel is that of an abuse of discretion." Alters v. Villoldo, 230 So. 3d 115, 117 (Fla. 3d DCA 2017) (quoting Applied Dig. Sols., Inc. v. Vasa, 941 So. 2d 404, 408 (Fla. 4th DCA 2006)). We note, however, that "disqualification of a party's lawyer in a civil case is a drastic remedy, [which] must be employed only in limited circumstances." Gutierrez v. Rubio, 126 So. 3d 320, 321 (Fla. 3d DCA 2013). "An order disqualifying counsel must be tested against the standards imposed by the Rules Regulating the Florida Bar." Kemp Invs. N., LLC v. Englert, 314 So. 3d 734, 736 (Fla. 5th DCA 2021).

## III.   ANALYSIS

The sole issue on appeal is whether the trial court abused its discretion in disqualifying Lawyer Koenig and Trenam Law from representing FlexFunds Holdings in this litigation. For the following reasons, we find it did not.

6

Rule Regulating the Florida Bar 4-1.7, "Conflict of Interest; Current Clients," provides, in part:

(a) **Representing Adverse Interests.** Except as provided in subdivision (b), a lawyer must not represent a client if:

(1) the representation of 1 client will be directly adverse to another client; or

(2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) **Informed Consent.** Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.

Furthermore, Rule Regulating the Florida Bar 4-1.13(e), "Organization as Client," provides:

> (e) **Representing Directors, Officers, Employees, Members, Shareholders, or Other Constituents of Organization.** A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders, or other constituents, subject to the provisions of rule 4-1.7. If the organization's consent to the dual representation is required by rule 4-1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.

(emphasis added).

Relevant to the issue of disqualification of Lawyer Koenig and Trenam Law from representing FlexFunds Holdings is the comment to Rule Regulating the Florida Bar 4-1.13 with respect to derivative actions, which reads:

> **Derivative actions**
>
> Under generally prevailing law, the shareholders or members of a corporation may bring suit to compel the directors to perform their legal obligations in the supervision of the organization. Members of unincorporated associations have essentially the same right. Such an action may be brought nominally by the organization, but usually is, in fact, a legal controversy over management of the organization.
>
> The question can arise whether counsel for the organization may defend such an action. The

8

proposition that the organization is the lawyer's client does not alone resolve the issue. Most derivative actions are a normal incident of an organization's affairs, to be defended by the organization's lawyer like any other suit. <u>However, if the claim involves serious charges of wrongdoing by those in control of the organization, a conflict may arise between the lawyer's duty to the organization and the lawyer's relationship with the board. In those circumstances, rule 4-1.7 governs who should represent the directors and the organization.</u>

(emphasis added).

<u>Campellone</u> interprets and applies Rules 4-1.7 and 4-1.13 of the Rules Regulating the Florida Bar and supports the trial court's ruling on the issue before us. 910 So. 2d 363.

In <u>Campellone</u>, Rae Ann Campellone ("Campellone") was a 51% shareholder and respondent, Michael Cragan ("Cragan"), was a 49% shareholder in the entities associated with the lawsuit. 910 So. 2d at 634. Similar to the instant appeal, the litigation therein involved both derivative and direct claims.[2] <u>Id.</u> Cragan filed a verified complaint against Campellone

---

[2] A derivative action is "[a] suit by a bene-ficiary of a fiduciary to enforce a right belonging to the fiduciary; esp., a suit asserted by a shareholder on the corporation's behalf against a third party (usu. a corporate officer) because of the corporation's failure to take some action against the third party. If the claim involves a serious wrongdoing by those in control of the organization, a conflict may arise between the lawyer's duty to the organization and the lawyer's relationship with the board, and the lawyer may not be able to defend the action." <u>Derivative Action</u>, <u>Black's Law Dictionary</u> (11th ed. 2019); <u>see</u> <u>also</u> <u>Price v. Gurney</u>, 324 U.S. 100, 105 (1945) ("A derivative

and named the three corporate entities as nominal defendants seeking both direct and derivative relief against Campellone for embezzlement, misappropriation of corporate assets and opportunities, breaches of fiduciary duty, and battery. Id. Thereafter, Lawyer Mann appeared as counsel for both Campellone and all three entities. Id. Cragan moved to disqualify Lawyer Mann as counsel for all defendants. Id. The trial court granted the motion relying on Rules 4-1.13 and 4-1.17 of the Rules Regulating the Florida Bar. Id. The trial court found, in part, that because Lawyer Mann, through his dual representation, had access to information regarding the entities that could give Campellone an unfair advantage in the derivative suit, Mann was disqualified from representing *either* Campellone *or* the corporate entities. Id. at 365. Ultimately, the Fifth District affirmed, in part, finding no abuse of discretion in the trial court's decision to disqualify Lawyer Mann from representing the corporate entities.[3] Id.

---

action is a suit by a shareholder to enforce a corporate cause of action. The corporation is a necessary party to the suit. And the relief which is granted is a judgment against a third person in favor of the corporation.").

[3] Regarding Lawyer Mann's representation of Campellone, the Fifth District held the trial court abused its discretion in holding Lawyer Mann could not represent her based on the specific facts of the case and reversed the trial court's decision in part. Id.

10

Here, similar to the facts in <u>Campellone</u>, Rivero, the minority owner, is alleging that serious wrongdoing by Gonzalez, the majority owner, injured FlexFunds Holdings, and the interests of FlexFunds Holdings and Gonzalez are not aligned under any construction of the facts alleged by Rivero.

As indicated above, Rule Regulating the Florida Bar 4-1.7(a) forbids a lawyer from representing a client in a matter directly adverse to an existing client absent consent. Thus, consent by Rivero was required for Lawyer Koenig and Trenam Law to represent FlexFunds Holdings while the Gonzalez Entities were suing Rivero (pursuant to Gonzalez's complaint against him) at the same time Rivero was suing the Gonzalez Entities, derivatively, on behalf of FlexFund Holdings.

Accordingly, in the absence of Rivero's consent to the representation, we find the trial court did not abuse its discretion in disqualifying Lawyer Koenig and Trenam Law from representing FlexFunds Holdings.

## IV. CONCLUSION

For the reasons set forth above we find no abuse of discretion in the trial court's order disqualifying Lawyer Koenig and Trenam Law from representing FlexFunds Holdings. Because Lawyer Koenig and Trenam Law did not appeal the portion of the trial court's order disqualifying them from representing the Gonzalez Entities, we express no opinion on it.

11

Affirmed.